RONALD F. LEWIS, Plaintiff Below, Appellant, v. STATE OF DELAWARE, Defendant Below, Appellee.

(*November,* 23, 1965)

WOLCOTT, C.J., and CAREY and HERRMANN, J.J., sitting.

*James F. Kipp,* Asst. Public Defender, for appellant.

*Richard I.G. Jones,* Deputy Atty. Gen., for the State.

Supreme Court of the State of Delaware, No. 54, 1965.

WOLCOTT, Chief Justice.

This is an appeal from the denial by the Superior Court of a Petition for Habeas Corpus.

On October 11, 1963, the prisoner was sentenced to a term of two years imprisonment upon one charge, and at the same time was

sentenced to a term of two years upon a second charge. The sentence upon the second charge was suspended and the prisoner placed on probation for a period of two years commencing upon the expiration of the sentence upon the first charge.

On July 23, 1964, the prisoner was admitted to parole. This parole expired on March 1, 1965. On March 8, 1965 the prisoner was arrested on several charges of fourth degree burglary and, on March 22, 1965, was sentenced to four prison terms of nine months each on four such charges, the sentences to run consecutively for a total of three years.

On May 7, 1965, the prisoner was brought before the Superior Court and sentenced to a term of two years on a charge of violation of probation imposed upon the second of the original charges. The prisoner, himself, on June 3, 1965, filed a petition for a Writ of Habeas Corpus with the Superior Court which was denied. Thereafter, the prisoner, again acting on his own initiative, filed a paper with this Court which was directed to be treated as a Praecipe on Appeal. The Public Defender's office now appears for him.

The burden of the prisoner's complaint is that his sentence for violation of probation is illegal because the commencement of the probation was indefinite. This is so, it is argued, because of the indefinite termination of his prior sentence due to time off for good behavior. Hence, he says there was no definite commencement date of his probation in violation of 11 *Del.C.* Sec. 3902(a), which requires a definite date for the beginning and ending of a sentence. He therefore argues that he did not violate his probation because he had not been validly placed upon probation.

We do not reach the question argued for two reasons:

First, the prisoner seeks review of an allegedly illegal sentence. He seeks to do so by means of a Petition for a Writ of Habeas Corpus. This, he may not do for, as we held in *Curran v. Woolley,* 9 Terry 382, 104 A.2d 771, the Writ is inappropriate to such purpose

and will not be distorted in this State to a writ of review or means to obtain post-conviction relief. His remedy, if any, is by motion under Criminal Rule 35 of the Superior Court.

Second, in any event, the point seems academic. The reason for this is that the two-year sentence imposed for violation of probation will expire by its own terms before the termination of the admittedly valid three-year term the prisoner is currently serving.

The judgment below is affirmed.