Jack D. ERB, Jr., Defendant Below,
Appellant,

v.

STATE of Delaware, Plaintiff Below,
Appellee.

Supreme Court of Delaware.

Argued Nov. 13, 1974.

Decided Dec. 30, 1974.

Arlen B. Mekler, Asst. Public Defender, for defendant below, appellant.

Jeffrey M. Weiner, State Prosecutor, for plaintiff below, appellee.

Before HERRMANN, C. J., and DUFFY and McNEILLY, JJ.

DUFFY, Justice:

This case is before the Court on the State's motion to dismiss two appeals (consolidated here) from judgments of the Superior Court.

I

On August 15, 1973 and September 14, 1973 defendant filed appeals from separate sentences imposed by the Superior Court for possession of a hypodermic needle and related charges. At the time of argument on the motion to dismiss (more than one year after the appeals were docketed) defendant had not filed transcripts of the trial testimony.[1]

Supreme Court Rule 7(8), Del.C.Ann., prescribes the procedure an appellant's attorney must follow to insure prompt preparation and filing of a trial transcript for appeal purposes.[2]

On September 3, 1974 the State moved to dismiss the appeals pursuant to Section (f) of the Rule, which provides:

"(f) If a party shall fail to comply with the provisions of this rule any other party may move to dismiss the appeal or the Court may dismiss the appeal *sua sponte.*"

In its motion the State alleges that it made a diligent effort to assist in the preparation of agreed statements of fact but, because of the nature of the testimony, agreement was not reached;[3] the State says that the sole issue in each appeal is whether there was sufficient circumstantial evidence to sustain the verdict. Defendant tacitly concedes the truth of both allegations.

II

At trial defendant was represented by a privately retained attorney. On September 27, 1973 counsel filed in this Court a motion for leave to withdraw in each case on the basis that the Public Defender would continue prosecution of the appeals. That motion was never formally presented to the Court.

---

1. On November 11, 1974 trial counsel requested the court reporter to prepare transcripts. They were filed on December 6 and 12, respectively.

2. This Rule became effective June 1, 1974 (and it is undisputed that defendant is bound by it) and provides in part:
 "(8) *Transcript*: The following directions apply to each case on appeal, unless otherwise ordered by the Court:
 (a) After an appeal has been docketed . . ., the attorney for the appellant shall:
 1. Forthwith give written direction . . . to the appropriate Court Reporter . . . to prepare a transcript for appeal purposes of such parts of the

proceedings not already on file as he deems necessary for inclusion in the record.
 2. Within 5 days (after docketing) serve upon all opposing attorneys and file with the Clerk of this Court and with the Clerk of the Court below a written statement showing compliance with subparagraph 1. hereof; such statement shall include the caption of the case, the name of the Court Reporter directed to prepare the transcript, the parts of the proceedings ordered transcribed, the date on which such direction was given, and the attorney's certification that the transcript ordered is essential to the appeal."

3. Rule 7 permits parties to submit an agreed statement of the substance of testimony in lieu of a transcript.

On March 27, 1974 the Chief of the Appellate Division of the Office of the Public Defender gave notice to the Court of his appearance on behalf of defendant.

The Court docket thereafter chronicles appalling and unnecessary delay in prosecution of the appeals resulting from a lack of coordination between trial counsel and the Public Defender and the failure of both of them to meet their responsibilities as counsel of record. Trial counsel did not order a transcript of testimony nor provide the Public Defender with pertinent information as to errors of law on which the appeals are based, and the Public Defender did not meet his responsibility to prosecute the appeals with diligence. The delay of some thirteen months without a transcript, without an order for transcript and without a meaningful brief is simply unconscionable.[4] Given the problems in this case, we think it necessary to restate general guidelines which are pertinent to a criminal case.

### III

 Trial counsel (whether appointed, privately retained or Public Defender, it matters not) has a duty to docket an appeal if the client wants to appeal; and counsel has such duty even if he concludes that it is without merit. He must communicate the views of the client, even though he may advise the Court that he cannot endorse them, opening the way to a Rule 8(2) consideration. Or, once the appeal is docketed, counsel may file a motion to withdraw and bring it on for ruling by the Court. But until an order is entered by the Court authorizing withdrawal, the attorney who docketed the appeal remains as attorney of record with responsibility for prosecution of the appeal and all that implies. See American Bar Association Standards, Criminal Appeals § 2.2, Approved Draft 1970. He must promptly and

diligently do all those things required by the Rules of Court and the duty owed to his client.

 If counsel elects to withdraw he must, cf. Standards supra § 3.2, as part of his duty to his client, promptly provide to successor counsel all information pertinent to the appeal. And he has a duty to participate in the preparation of the record on appeal, including designation of the transcript under Supreme Court Rule 7. As a matter of policy, this Court hereafter will not permit trial counsel to withdraw unless the record shows compliance with this requirement.

### IV

As to this case, defendant had ineffective counsel in prosecution of the appeals and justice requires that the State's motion be denied. Briefing on the merits will be ordered completed in the shortest time reasonable on a schedule fixed by the Court in a separate memorandum.

---

4. On August 16, 1974 the Public Defender filed a brief in support of the appeals which does no more than discuss the case in general terms and without reference to the evidence.