Wilbert T. BRAXTON, Jr., Defendant
Below, Appellant,

v.

STATE of Delaware, Plaintiff
Below, Appellee.

Supreme Court of Delaware.

Submitted: July 9, 1984.
Decided: July 13, 1984.

Wilbert T. Braxton, Jr., pro se.

Ferris W. Wharton, Deputy Atty. Gen., Wilmington, for appellee.

Before McNEILLY, MOORE and CHRISTIE, JJ.

CHRISTIE, Justice:

In this case the Court must decide what remedy is available to a criminal defendant whose attorney was given a timely instruction to file an appeal to the Delaware Supreme Court but failed to do so in violation of his duties under Rule 26(a).

The defendant, Wilbert T. Braxton, Jr., was convicted, after a jury trial, of rape second degree and possession of a deadly weapon during the commission of a felony. He was sentenced on April 30, 1982 to ten years of imprisonment, five years of which was a mandatory minimum term under the provisions of 11 *Del.C.* § 1447(b) before it was amended to allow greater flexibility in sentencing. An untimely notice of appeal to the Delaware Supreme Court resulted in a dismissal of the attempted appeal. 454 A.2d 762.

Thereafter, the defendant, acting *pro se*, filed in Superior Court a motion for postconviction relief under Superior Court Criminal Rule 35(a)[1] alleging that he had not had the effective assistance of counsel. An assistant public defender was then assigned to represent the defendant. However, defendant was unwilling to entrust his claims to his new counsel and so the attorney was relieved of his duties and defendant again proceeded *pro se.*

The trial court conducted several hearings. During the pendency of the matter, defendant amended his motion to seek a new trial because of the alleged recantation of her testimony by the State's principal witness, the victim, and a change in testimony by a juvenile witness. The Superior Court then viewed the pending actions as raising two questions: (1) Was the defendant denied the effective assistance of counsel at trial? and (2) Should a new trial be granted because of the alleged recantation?

It must be noted that at trial, the defendant had been represented by a privately

---

1. Super.Ct.Cr.Rule 35. *Correction or Reduction of Sentence*

(a) *Postconviction Remedy.* Any person who has been sentenced by the Court may apply by motion for postconviction relief for any meritorious claim challenging the judgment of conviction including claims: (i) That the conviction was obtained or sentence imposed in violation of the Constitution and laws of this State or the United States; (ii) that the Court imposing the sentence was without jurisdiction to do so; or (iii) that the sentence imposed exceeded the maximum authorized by law, or is otherwise not in accordance with the sentence authorized by law. An application may be filed at any *time*, provided, however, that postconviction relief shall not be available so long as there is a possibility of taking a timely appeal from the judgment of conviction. Unless the motion and the files and records of the case show to the satisfaction of the Court that the applicant is not entitled to relief, the Court shall cause notice thereof to be served on the Attorney General, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto. If the Court finds the applicant is entitled to relief, the Court may set aside the judgment, release the applicant from custody, resentence the applicant, grant the applicant a new trial, or otherwise correct the judgment of conviction as may appear appropriate. The Court need not entertain a second motion or successive motions for similar relief on behalf of the same applicant.

retained counsel who was a former prosecutor with extensive defense trial experience in criminal cases. The defendant has never denied sexual intercourse with the victim, who is his sister-in-law. The defendant's position at trial was that he was not guilty of rape because the victim had consented to have intercourse with him. His defense strategy consisted of an attempt to destroy the credibility of the victim. In the post-trial proceedings, the trial judge found that the defense attorney had been "aggressive, imaginative, and diligent" in his representation of defendant during the trial. The Superior Court held that as to trial representation, defendant was not denied effective assistance of counsel.

However, it was clear that the defense attorney had failed to file a timely appeal on the defendant's behalf. The Superior Court held that the attorney "knew, or should have known, of the need to lodge an appeal within the jurisdictional period" citing *Erb v. State*, Del.Supr., 332 A.2d 137 (1974). The Court went on to indicate that this failure (and only this failure) amounted to ineffective assistance of counsel.[2] The Superior Court then stated that "... even if the defendant has a genuine grievance in having lost his right to appeal because of the dereliction of his counsel, his remedy does not lie within the ambit of Rule 35(a)" and that "... although denied the effective assistance of counsel at the appellate level

there is no remedy available under Rule 35 to correct the deficiency."

The Superior Court also conducted a hearing as to the alleged recantation of her testimony by the victim. It developed that the victim had been paid to issue the recantation by defendant's wife and during the post-trial hearing the victim abandoned her recantation. The trial judge concluded that the victim's erstwhile recantation of the testimony she originally gave at the trial was "not entitled to belief." The trial court denied the motion for a new trial.

I

On appeal defendant again contends that he was denied effective assistance of counsel because a timely appeal was not taken on his behalf and on account of various other things his counsel did or failed to do in Superior Court. He further contends that the trial court abused its discretion in denying defendant relief under Superior Court Criminal Rule 35.

We have examined the record in this case, and it occurs to us that there may be issues which defendant could have raised on appeal which he has not been able to raise before an appellate court by reason of the failure of his attorney to take a timely appeal. We regard this failure as the failure of the defense attorney as trial counsel. *See* Rule 26(a).[3] We are of the opinion that a remedy for his loss of the

---

2. The trial judge gave no indication that he applied a different standard in testing the effectiveness of privately retained counsel from the standard applied to counsel supplied at State expense. We agree with this approach at least as it was employed under the circumstances of this case, and we find it to be in accord with the "modern trend" in federal cases. *See* cases collected in 26 A.L.R.Fed. 218, 236 (1976).

3. Supr.Ct.Rule 26. *Appeals in Criminal Cases*
   (a) *Continuing Obligation of and Representation by Trial Counsel.* Every trial attorney, whether privately retained, court appointed or provided by the Office of the Public Defender, shall in every case in which a defendant has been convicted or a child has been adjudged delinquent:

(i) Advise the client of any right to appeal, the possible grounds for appeal and counsel's opinion of the probable outcome of an appeal;
   (ii) Docket an appeal whenever the client desires to appeal, whether or not the appeal appears meritorious; and
   (iii) Prepare and file all documents relating to the appeal, including those relating to the transcript as required by Rule 9.
   The trial attorney shall, until the Court orders otherwise, continue to represent on appeal a convicted defendant or a child adjudged delinquent.
   (b) *Appointment of Counsel.* The Court will appoint counsel in any case in which it determines that an indigent defendant or child desires but does not have counsel on appeal. The Court may, in the interest of justice, appoint additional or substitute counsel for any indigent

right to appeal must be found. We are mindful that:

■ This Court has no jurisdiction to entertain untimely appeals. 10 *Del.C.* § 147; Supr.Ct.R. 6; *Fisher v. Biggs,* Del.Supr., 284 A.2d 117 (1971); *Poe v. Poe,* Del.Super., 333 A.2d 403 (1975).

■ The scope of the issues to be considered on petition for writ of habeas corpus continues to be severely limited under rulings of this Court. *Rocker v. State,* Del.Supr., 240 A.2d 141 (1968); *see Curran v. Woolley,* Del. Supr., 104 A.2d 771 (1954); *Lewis v. State,* Del.Supr., 215 A.2d 433 (1965); *Norris v. Casson,* Del.Super., 460 A.2d 547 (1982).

■ In view of this, we have reexamined the language of Superior Court Criminal Rule 35(a) which provides that, "[A]ny person who has been sentenced by the Court may apply by motion for post-conviction relief for any meritorious claim challenging the judgment of conviction including claims: (i) that the conviction was obtained ... in violation of the Constitution and laws of this State or the United States ...." Those accused of felonies are entitled adequate and effective representation of counsel, and the laws of our state grant the right to appeal a conviction such as the one under scrutiny. The Delaware Constitution specifically grants one convicted of a felony and sentenced to imprisonment exceeding one month a right to appeal. Del. Const. art. IV, § 11.

■ We, therefore, hold that the conviction may not stand and must be regarded as having been obtained in violation of the Constitution and laws unless this defendant is afforded a chance to appeal or an adequate alternate remedy. The chance to appeal was lost in spite of defendant's decision to appeal, and that loss occurred on account of the violation of defendant's right to effective representation.

■ We hold that under the circumstances an adequate alternate remedy must be (and is) found in Superior Court Rule 35(a).

defendant or delinquent child upon the applica-

The case will be remanded to Superior Court with instructions to entertain under that rule any contentions which could have been raised in a timely appeal and which have not already been ruled upon by this Court. *See Commonwealth v. Miranda,* Pa.Super., 296 Pa.Super. 441, 442 A.2d 1133 (1982). Such proceeding, of course, may not involve the issues already considered and expressly ruled upon in the letter opinion of Superior Court dated September 28, 1983. Those rulings are reviewed herein, and defendant will have already had the full benefit of an appellate review of the rulings of Superior Court on those issues.

Defendant contends that it is now too late to supply any substitute for the appeal he had a right to take, and that the only proper remedy at this point is a new trial. We are not persuaded by this argument. A full review of any rulings made against the defendant by Superior Court under Rule 35(a) will be available upon further appeal to this Court.

## II

■ The Superior Court did have a hearing and reviewed with care the alleged recantation by the victim of her trial testimony. It also considered the fact that some of the testimony of a juvenile witness which was presented at trial was later changed under apparent pressure from a relative. We have reviewed the record on these matters, and we find no error in the trial court's refusal to grant a new trial on account of the attempts of two witnesses to make changes in their testimony.

## III

■ We also agree with the ruling of the trial court that defendant had adequate assistance of counsel in Superior Court. We note that many allegations were made against defense counsel and that none of these were found to have merit. These issues may not be raised again either in Superior Court or this Court.

\*     \*     \*

tion of either counsel or client.

In summation, the order of Superior Court is reversed insofar as it held that there is no remedy for defense counsel's failure to file a timely appeal. We have found it necessary to discover a remedy in Superior Court Criminal Rule 35(a), but in view of the matters which had already been considered in this appeal any new application in Superior Court under Rule 35(a) must be limited to issues which: a) could have been raised on appeal had there been an appeal, and b) have not already been ruled upon by Superior Court and reviewed on appeal. However, the Superior Court is affirmed insofar as it: a) denied the motion for a new trial based on the recantations or changes in testimony, and b) found that defendant was adequately represented in all phases of the proceedings at the trial level except the taking of a timely appeal.

\* \* \*

REVERSED in part and AFFIRMED in part and remanded.