Oscar DIXON, Defendant
Below, Appellant,

v.

STATE of Delaware, Plaintiff
Below, Appellee.

Supreme Court of Delaware.

Submitted: Sept. 18, 1990.
Decided: Sept. 19, 1990.
Rehearing En Banc Denied:
Oct. 18, 1990.

Oscar Dixon, pro se.

Richard E. Fairbanks, Jr., Chief of the Appeals Div., Dept. of Justice, Wilmington, for appellee.

Before CHRISTIE, C.J., HORSEY and HOLLAND, JJ.

HOLLAND, Justice:

Following a jury trial in the Superior Court, the defendant-appellant, Oscar E. Dixon ("Dixon"), was convicted of Trafficking in Cocaine. On November 3, 1989, Dixon was sentenced to be incarcerated for a mandatory term of three years, to be followed by various levels of probation. Dixon was represented at his trial and his sentencing by an attorney he had retained privately. Dixon's attorney did not file a direct appeal with this Court.

■ Two months after his sentencing, Dixon filed a *pro se* motion for postconviction relief. In that motion, Dixon alleged that he was denied effective assistance of trial counsel, because a timely direct appeal was not filed on his behalf. The Superior Court held a hearing and subsequently issued a written decision denying Dixon's motion. Thereafter, Dixon filed this appeal. We have concluded that the Superior Court's decision must be reversed.

During the hearing on his motion for postconviction relief, Dixon testified that he "told his trial attorney to take an appeal." Dixon's attorney testified that he

had been paid $3,500 to represent Dixon at trial, but advised Dixon "more money had to be paid for representation on appeal." Dixon's trial attorney also testified that he sent two letters to Dixon, "warning him about the expiration of the appeal time." Both of those letters were introduced into evidence at the hearing on Dixon's motion for postconviction relief.

The record reflects that the first letter, dated November 5, 1989, which was sent to Dixon by his trial attorney, read as follows:

Mr. Oscar Dixon
Multi–Purpose Criminal Justice Facility
East 12th Street
Wilmington, DE 19801
    RE: *Appeal to Supreme Court*
Dear Mr. Dixon:
    This will confirm our conversation on November 3, 1989 at your sentencing regarding your appeal to the Supreme Court following your conviction and sentencing in Superior Court.

    You have thirty (30) days to file Notice of Appeal in the Supreme Court following your sentencing date of November 3, 1989.

    Since you're unable to afford my services to represent you on your appeal, I suggest you immediately contact the office of The Public Defender to represent you on your appeal.

    I believe you have several good arguments to raise on appeal that could result in a reversal of your conviction. Therefore, please act promptly to secure the services of the Public Defenders Office to pursue your appeal.

    If I can be of any further help do not hesitate to contact me.
        Sincerely,
        /s/ [trial attorney]

The second letter, dated November 23, 1989, which was sent to Dixon by his trial attorney, read as follows:

Mr. Oscar Dixon
Delaware Correctional Center
Smyrna, DE 19977
    RE: *Appeal to Supreme Court*

Dear Mr. Dixon:
    As a follow-up to my letter of November 3, 1989, I have not received any word from you relative to my filing an appeal on your behalf to the Supreme Court.

    Therefore, I will assume that either you do not wish to appeal or that you have contacted a representative of the Public Defender's Office to represent you on appeal.

    If there is any change in your position, please contact me immediately as your thirty (30) days to file Notice of Appeal expires on December 3, 1989.
        Sincerely,
        /s/ [trial attorney]

In denying Dixon's motion for postconviction relief, the Superior Court stated:

Even though the better practice would have been for the attorney to take the appeal and then worry about representation at a later time, nevertheless, the lawyer made it clear to the defendant that he had to tell the lawyer just what he wanted the lawyer to do in reference to his appeal.

We find that the Superior Court's conclusion was erroneous, as a matter of law. "Trial counsel (whether appointed, privately retained or Public Defender, it matters not) has a duty to docket an appeal if the client wants to appeal." *Erb v. State*, Del. Supr., 332 A.2d 137, 139 (1974); *Evitts v. Lucey*, 469 U.S. 387, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985); *Braxton v. State*, Del. Supr., 479 A.2d 831 (1984). Supreme Court Rule 26(a) states:

(a) **Continuing Obligation of and Representation by Trial Counsel.** Every trial attorney, whether privately retained, court appointed or provided by the Office of the Public Defender, shall in every case in which a defendant has been convicted or a child has been adjudged delinquent:

    (i) Advise the client of any right to appeal, the possible grounds for appeal and counsel's opinion of the probable outcome of an appeal;

    (ii) Docket an appeal whenever the client desires to appeal, whether or not the appeal appears meritorious; and

(iii) Prepare and file all documents relating to the appeal, including those relating to the transcript as required by Rule 9.

The trial attorney shall, until the Court orders otherwise, continue to represent on appeal a convicted defendant or a child adjudged delinquent.

Dixon's attorney did not fulfill his obligation as trial counsel in accordance with this Court's Rules. Dixon's failure to pay additional fees to his privately retained attorney did not relieve Dixon's trial counsel of the obligation to perfect an appeal. Dixon's privately retained trial counsel could not *sua sponte* delegate the duty to perfect an appeal to his client, Dixon, or to the Public Defender. Until Dixon's trial attorney was authorized to withdraw his appearance by this Court, he had a duty to do all things required by the Rules of the Supreme Court to perfect and prosecute a direct appeal. *Erb v. State*, 332 A.2d at 139.

█ This Court has previously held that a criminal defendant's trial counsel who, contrary to his client's wishes and his obligations under this Court's Rules, fails to perfect a timely direct appeal is ineffective. *Braxton v. State*, 479 A.2d at 834; Supr. Ct.R. 26(a). In *Braxton*, this Court held that under such circumstances the appropriate remedy for the defendant is to remand the case to the Superior Court "with instructions to entertain under [Superior Court Criminal Rule 61] any contentions which could have been raised in a timely appeal and which have not already been ruled upon by this Court." *Braxton v. State*, 479 A.2d at 834.

The failure of Dixon's attorney to file a timely direct appeal constituted ineffective assistance of trial counsel. *Id.* Consequently, Dixon's case is controlled by our holding in *Braxton* and must be remanded to the Superior Court. Dixon has the right to file a new application, pursuant to Superior Court Criminal Rule 61, limited to those issues which could have been raised in a direct appeal.

The decision of the Superior Court is REVERSED and this matter is REMANDED for further proceedings, consistent with this opinion.

## ON MOTION FOR REHEARING EN BANC

Before CHRISTIE, C.J., HORSEY, MOORE, WALSH and HOLLAND, JJ. (constituting the Court *en banc*).

This 18th day of October, 1990, the Court has before it the State's motion for rehearing *en banc*. In that motion, the State requests this Court to re-examine the factual findings of the Superior Court and the legal principles which are applicable to Dixon's present claim.

In its motion, the State correctly asserts two basic tenets of appellate review. First, the factual findings of the trial court, which are supported by competent evidence, are not disturbed on appeal. *Albury v. State*, Del.Supr., 551 A.2d 53, 60 (1988). Second, the burden is on the appellant to provide a sufficient record to review any issue which is raised on appeal. *Tricoche v. State*, Del.Supr., 525 A.2d 151, 154 (1987).

The record reflects that, according to Dixon's trial attorney, he sent Dixon two letters. Dixon denied receiving the second letter. The Superior Court concluded that Dixon was generally not a credible witness and specifically rejected Dixon's testimony denying receipt of the second letter. Consequently, for the purpose of appellate review, the credible evidence in the record consisted, *inter alia*, of the trial court's assessment of the witnesses' testimony and *both* letters from Dixon's attorney.

The first letter to Dixon stated, in part:

Since you're unable to afford my services to represent you on your appeal, I suggest you immediately contact the office of The Public Defender to represent you on your appeal.

I believe you have several good arguments to raise on appeal that could result in a reversal of your conviction. Therefore, please act promptly to secure the services of the Public Defenders Office to pursue your appeal.

The first letter from Dixon's attorney clearly reflects Dixon's desire to appeal. The letter states that, in the opinion of Dixon's trial attorney, an appeal would be meritorious. The letter speaks in terms of representation "on" your appeal, not "if" you appeal. The letter reflects that Dixon evidently could not afford to pay his attorney any more money.[1] Therefore, the trial attorney advised Dixon to secure the services of the Public Defender to "pursue your appeal" not "if" you decide to pursue your appeal.

The second letter to Dixon from his trial attorney reflects that, as far as the attorney knew, Dixon had not made a decision about representation on appeal. It also reflects the trial attorney's impression that Dixon's choice of representation on appeal would determine who filed the notice of appeal.

After hearing the testimony of Dixon and his trial attorney and reviewing both of the letters, the Superior Court found that the only unresolved issue was Dixon's decision concerning his representation on appeal *not* whether Dixon desired to appeal. Consequently, the Superior Court stated:

> Even though the better practice would have been for the attorney to take the appeal and then worry about representation at a later time, nevertheless, the lawyer made it clear to the defendant that he had to tell the lawyer just what he wanted to do in reference to his [representation on] appeal.

The Superior Court would not have stated that Dixon's trial attorney should have taken an appeal unless it had concluded that was Dixon's desire.

The Superior Court's finding that Dixon was indecisive about legal representation on appeal served as a faulty factual predicate for the Superior Court's ruling. The Superior Court was of the view that, despite Dixon's desire to appeal, Dixon's indecision about representation on appeal excused the trial attorney from filing the notice of appeal. However, Dixon's deci-

sion to appeal was the only decision Dixon was required to make.

The decision about Dixon's representation on appeal had already been made by this Court. Dixon's trial attorney had a continuing obligation to represent Dixon on appeal, whether or not he was paid an additional fee, and until such time as he was permitted to withdraw. *Evitts v. Lucey,* 469 U.S. 387, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985); *Braxton v. State,* Del.Supr., 479 A.2d 831 (1984); *Erb v. State,* Del. Supr., 332 A.2d 137, 139 (1974); Supr.Ct.R. 26(a). Once Dixon expressed a desire to appeal, Dixon's trial attorney was required to file the notice of appeal.

The State's motion for rehearing *en banc* is premised upon the assumption that the Superior Court concluded that Dixon was silent about his desire to appeal. However, the record reflects that the Superior Court found that Dixon was silent about who would represent him on appeal, not his desire to appeal. The panel's opinion in this matter applied well-settled principles of law to the Superior Court's undisputed findings of fact. The State's motion for rehearing *en banc* is DENIED.

---

**1.** The Superior Court's opinion also states that Dixon's attorney testified he was paid $3,500 but "an additional fee had to be paid for representation on appeal."