IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| TREMAYNE GARRISON, | § | |
| | § | |
| Defendant Below, | § | No. 32, 2024 |
| Appellant, | § | |
| | § | Court Below: Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 1904012875 (S) |
| | § | |
| Appellee. | § | |

Submitted: February 8, 2024
Decided: February 9, 2024

Before **SEITZ**, Chief Justice; **VALIHURA** and **GRIFFITHS**, Justices.

## ORDER

After consideration of the notice to show cause and the response, it appears to the Court that:

(1)     On January 26, 2024, the appellant, Tremayne Garrison, filed a letter asserting that the Superior Court has erroneously denied various motions that he has filed in Criminal ID No. 1904012875. Garrison was sentenced in the case on March 25, 2022. The office of the Clerk of this Court deemed the letter to be a notice of appeal from the Superior Court's most recent action in the matter, which was an order denying a motion for modification of sentence. The Superior Court's order was docketed on December 18, 2023. Under Supreme Court Rules 6 and 11, a timely notice of appeal should have been filed on or before January 17, 2024.

(2) The Senior Court Clerk issued a notice directing Garrison to show cause why the appeal should not be dismissed as untimely filed. In response to the notice to show cause, Garrison argues that the counsel who represented him for his guilty plea and sentencing failed to satisfy counsel's continuing obligation under Supreme Court Rule 26(a) to represent Garrison on appeal. Garrison contends that the Court should therefore excuse the untimely filing of this appeal.

(3) The appeal must be dismissed. A notice of appeal must be timely filed to invoke the Court's appellate jurisdiction.[1] A notice of appeal must be received by the Court within the applicable time period to be effective.[2] Unless an appellant can demonstrate that the failure to file a timely notice of appeal is attributable to court-related personnel, an untimely appeal cannot be considered.[3] The failure to file a timely appeal in this matter is not attributable to court-related personnel.[4] The remedy for a criminal defendant who asserts that his counsel failed to perfect a timely direct appeal, contrary to the client's expressed wishes and the attorney's

---

[1] *Carr v. State*, 554 A.2d 778, 779 (Del. 1989).

[2] DEL. SUPR. CT. R. 10(a).

[3] *Bey v. State*, 402 A.2d 362, 363 (Del. 1979).

[4] *See Henry v. State*, 2013 WL 3929191, at *1 (Del. July 25, 2013) (dismissing untimely direct appeal from guilty plea and sentencing in which defendant asserted that his counsel failed to file a timely appeal even though the defendant "'made it clear' to his defense counsel that he wanted to appeal"). We note that Garrison has previously filed a timely *pro se* appeal from the Superior Court's denial of a motion for modification of sentence. *Garrison v. State*, 2022 WL 16954785 (Del. Nov. 15, 2022).

obligations under Rule 26(a), is a timely motion for postconviction relief,[5] not an untimely appeal from denial of a motion for sentence modification.

NOW, THEREFORE, IT IS ORDERED, under Supreme Court Rule 29(b), that the appeal is DISMISSED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Chief Justice

---

[5] *E.g.*, *Henry*, 2013 WL 3929191, at *1 n.6; *Dixon v. State*, 581 A.2d 1115, 1117 (Del. 1990).