Tommy C. ELLER, Defendant Below, Appellant,

v.

STATE of Delaware, Plaintiff Below, Appellee.

Supreme Court of Delaware.

Submitted: Sept. 8, 1987.
Decided: Sept. 14, 1987.

See also, 531 A.2d 948.

Randall E. Robbins, of Ashby, McKelvie & Geddes, Wilmington, for appellant.

Richard E. Fairbanks, Jr., Chief of Appeals Div., Wilmington, for appellee.

Before CHRISTIE, C.J., WALSH and HOLLAND, JJ.

HOLLAND, Justice:

The record reveals that the appellant was sentenced by the Superior Court on July 6, 1987 and that an appeal was filed with this Court on August 25, 1987. The rules of this Court provide that a direct appeal of a criminal conviction must be taken within 30 days after a sentence is imposed. Supr. Ct.R. 6(2). This direct appeal is apparently untimely. On August 28, 1987, this Court directed the appellant to show cause as to why his attempt to take a direct appeal should not be dismissed as untimely. The appellant has filed a response.

■ The appellant once again argues that since he filed a timely motion for a new trial in the Superior Court on July 15, 1987, which was not decided until August 12, 1987, the applicable time period for a direct appeal was tolled or alternatively, the fact that the appeal period was not tolled was not readily ascertainable. The appellant's argument that there is no guidance for a litigant in the circumstances presented by this case is not persuasive.

Chapter 13 of the Delaware Appellate Handbook outlines the procedures to be followed in criminal appeals. On page 11 of Chapter 13 the following text is found:

It is *critical* that the notice of appeal be timely. The pertinent statute requires that the appeal be filed "within 30 days after the date of entry of the judgment or decree." 10 *Del.C.* § 147. In *direct* appeals the judgment is entered *the date the sentence is announced to the defendant,* and the time begins to run from then. Supr.Ct.R. 6, as amended, effective Oct. 1, 1984. ...

If the notice of appeal is untimely, the Court lacks jurisdiction to entertain the appeal. *E.g., Braxton v. State,* Del. Supr., 479 A.2d 831 (1984) (failure to file appeal within 30 days of imposition of sentence)....

Del.App.Hbk. § 13.04(a) (1984) (emphasis added).

Superior Court Rule 33 provides in part that "[a] motion for a new trial based on the ground of newly discovered evidence may be made only before or within two years after final judgment, but *if an appeal is pending, the Court may grant the motion only on remand of the case.*" Super.Ct.R. 33 (emphasis added). Superior Court Rule 33 continues that "[a] motion for a new trial based on any other grounds shall be made within 10 days after verdict or finding of guilty...." The necessity for a remand of the case to consider a motion for a new trial that was filed within ten days is not specifically repeated in Rule 33, but rather it follows logically when the rule is read as a whole. If an appeal is pending, the Superior Court is divested of its jurisdiction and a motion for a new trial can only be considered if the case is remanded.

■ The proper procedure to be followed by a litigant in the circumstances of this case is readily ascertainable from the rules and prior decisions of this Court, the rules of the Superior Court, and the Delaware Appellate Handbook. *Norman v. State,* Del. Supr., 177 A.2d 347, 349 (1962); Supr. Ct.R. 6(2); Super.Ct.R. 33. A direct appeal in a criminal case must be perfected within 30 days of the pronouncement of the sentence. If a new trial motion remains undecided after the appeal is filed, it can only be decided after a remand to the Superior Court.

■ However, assuming *arguendo* that the appellant's lack of knowledge of the proper procedure to be followed to perfect his direct appeal and to have his case remanded for the disposition of his pending motion for a new trial is excusable, there is no remedy. This Court lacks jurisdiction to entertain a direct appeal that is untimely. *Braxton v. State*, Del.Supr., 479 A.2d 831, 833–34 (1984); 10 *Del.C.* § 147. Jurisdictional defects cannot be waived by the Court.

Accordingly, IT IS HEREBY ORDERED that the appellant's efforts to take a direct appeal from the sentence imposed on July 6, 1987 is DISMISSED, without prejudice to a continuation of the appeal from the denial of the motion for a new trial.