**PNC BANK, DELAWARE, Plaintiff Below, Appellant,**

v.

**Alice P. HUDSON and William H. Hudson, Defendants Below, Appellees.**

No. 312, 1996.

Supreme Court of Delaware.

Submitted: Jan. 14, 1997.
Decided: Jan. 30, 1997.
Rehearing Denied Feb. 12, 1997.

Jeffrey S. Welch and David A. White (argued), Murphy, Welch & Spadaro, Wilmington, for Appellant.

John H. Cordrey, Cordrey & Clark, Georgetown, for Appellees.

Before WALSH, HOLLAND, and BERGER, Justices.

PER CURIAM.

In this appeal from the Superior Court, we consider a question of first impression: whether the twenty day time period for requesting a trial *de novo* under Superior Court Civil Rule 16.1(h)(1), following an arbi-

trator's decision, is subject to enlargement. We conclude that the period is not a jurisdictional barrier but is subject to enlargement under Superior Court Civil Rule 6(b). Accordingly, we affirm.

## I

The Superior Court proceedings began as a debt action on a promissory note. The plaintiff-appellant, PNC Bank, Delaware ("PNC"), filed suit against defendants William H. Hudson and Alice P. Hudson ("the Hudsons") and Thomas P. Powell ("Powell") for the unpaid balance on a series of promissory notes executed by the defendants in connection with the operation of a business operated by Alice Clothes Tree, Inc. The Hudsons and Powell, through separate counsel, filed answers which, in effect, denied the PNC claim. In accordance with Super.Ct.Civ.R. 16.1 the matter was referred for mandatory arbitration.

All parties appeared before the arbitrator on September 29, 1995. On October 6, 1995, the arbitrator filed with the Prothonotary two separate arbitrator's orders. In one order, the arbitrator found in favor of PNC and against the Hudsons in the amount of $80,697.95. In the other order, the arbitrator found in favor of Powell and against PNC. The arbitrator certified that he had mailed copies of the orders to "all parties and/or counsel in this action."

At this point the factual assertions of the parties, as reflected in affidavits and representations before the Superior Court, diverge. Hudsons' counsel claims that after receiving notice of the arbitrator's order he engaged in settlement negotiations with, and made informal document requests of, counsel for PNC, with a tacit understanding that the Hudsons' time for seeking a trial de novo was extended. PNC's counsel agreed that settlement negotiations had taken place but disputed the existence of any agreement to extend the de novo filing date. In any event, the twenty day period for requesting a trial de novo expired on October 26, 1995. Six days later, PNC filed a motion, noticed for presentation on November 9, 1995, requesting the entry of judgment on the arbitrator's order as permitted under Super.Ct.Civ.R.

16.1(g)(1). The following day, November 1, 1995, the Hudsons filed a demand for trial de novo.

On the date noticed for the presentation of PNC's request for entry of judgment, the Superior Court considered the opposing positions of the parties with PNC seeking the entry of judgment and the Hudsons requesting trial de novo. After briefing, the Superior Court ruled that the twenty day period under Rule 16.1(h)(1) was not jurisdictional. Analogizing it to Super.Ct.Civ.Rule 60(b), the court held that Hudsons' counsel was "unfairly surprised" by PNC's counsel's refusal to grant an extension of time and the resulting failure to make a timely request for a trial de novo constituted "excusable neglect." The court denied entry of judgment and permitted filing of the de novo trial request. This appeal followed.

## II

PNC contends that the Superior Court lacked authority to permit the filing, out of time, of the Hudsons' demand for trial de novo because the twenty day period under Rule 16(h)(1) is jurisdictional. The Superior Court rejected that argument and we also find it unpersuasive.

 The timely filing of a document may constitute a jurisdictional threshold where the filing is a prerequisite to the court's authority to hear the matter before it. Thus, the power of an appellate court to exercise jurisdiction rests upon the perfecting of an appeal within the time period fixed by statute. *Fisher v. Biggs,* Del.Supr., 284 A.2d 117 (1971). Unless the untimely filing is attributable to the actions of court-related personnel, *Riggs v. Riggs,* Del.Supr., 539 A.2d 163 (1988), not even excusable neglect on the part of a litigant will permit the appellate court to exercise jurisdiction. *Eller v. State,* Del.Supr., 531 A.2d 951 (1987). In this respect, the filing of a timely notice of appeal is akin to compliance with the statute of limitations in the initiating of an action at the trial level.

In this case, the Superior Court acquired jurisdiction of PNC's claim upon the filing of the complaint. Upon the filing of answers,

the controversy was joined and the matter subject to disposition under the rules of that court. One of the rules governing further proceedings in the Superior Court is Rule 16.1, which mandates arbitration in certain designated cases. The arbitration process takes place under the supervision of the Superior Court and subject to the application of certain of the court's civil rules. *See* Rule 16.1(e) and (f)(5). Upon completion of the arbitration process, the matter is continued for additional action by the Superior Court, dependent upon the options elected by the parties. Rule 16.1(h)(1), which is the focus of this appeal, permits either party to seek a trial *de novo* through "written demand" within twenty days. If no such request is made, Rule 16.1(i) authorizes a judge "upon motion" to enter the arbitrator's order as judgment of the Superior Court. As the rule makes clear, the entry of judgment is not a *pro forma* or ministerial act but one requiring judicial intervention upon notice to the opposing party.

PNC argues that the language of Rule 16.1(h)(1) which provides that "[a] demand for a trial *de novo* shall be the sole remedy of any party in a case subject to this Rule" creates a jurisdictional barrier to the Superior Court's ability to entertain any further proceedings in this matter in the absence of a timely demand for a trial *de novo*. In our view this is an unwarranted and overly expansive construction of that provision of the rule. We believe the purpose of the "sole remedy" language is to establish that any further adversarial proceedings which occur after entry of the arbitrator's order shall be limited to a trial *de novo,* as distinct from some lesser standard of judicial review, such as interlocutory review of procedural rulings of the arbitrator "in a case subject to this Rule." Rule 16.1(h)(1).

The arbitration process in the Superior Court is not established by statute but by court rule. Rule 16.1, like other procedural rules, is subject to the modification of time limitations under Super.Ct.Civ.R. 6 which permits enlargement by the court of an act required by rule "to be done at or within a specified time." Rule 6(b). Subject to certain specific exceptions, enlargement is permitted both within and after the expiration of the time period. In the latter event, the time may be extended upon a showing of excusable neglect. Although the Superior Court assessed the conduct of Hudsons' counsel under the standard of excusable neglect set forth in Rule 60(b), the concept has a similar meaning under Rule 6(b). *See 2 Moore's Federal Practice* ¶ 6.08. The determination of excusable neglect under Rule 6(b) is a discretionary finding implicating considerations of fairness with the liberal granting of extensions to the end that disputes be resolved on their merits.

We view the Superior Court's refusal to enter judgment and the resulting acceptance of an untimely motion for *de novo* review in this case as the functional equivalent of the granting of a motion, under Rule 6(b), to enlarge the twenty day time period imposed by Rule 16.1(h)(1). Since the court has such discretionary power and there being no showing that the court abused its discretion, we find no basis to disturb the Superior Court's ruling. Accordingly, the judgment is AFFIRMED.