# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| DEBRO ABDUL-AKBAR, | ) |
| | )   C.A. No. N18A-02-004 RRC |
|     Appellant | ) |
| | ) |
|     v. | ) |
| | ) |
| DHSS HEARING OFFICE | ) |
| AND HEALTH OPTIONS, | ) |
| | ) |
|     Appellee | ) |
| | ) |

Submitted: August 1, 2018
Decided: September 11, 2018

On Appellant Debro Abdul-Akbar's Appeal of Delaware Department of Health and Social Services Fair Hearing Decision. **APPEAL DISMISSED.**

## MEMORANDUM OPINION

Debro Abdul-Akbar, Wilmington, Delaware, Appellant, *pro se*

Geoffrey G. Grivner, Esquire, Buchanan, Ingersoll & Rooney, P.C., Wilmington, Delaware, Attorney for Appellee, Health Options.

COOCH, R.J.

# I. INTRODUCTION

Before the Court is Appellant Debro Abdul-Akbar's Appeal of the Decision of the Fair Hearing Officer ("FHO") on behalf of the Delaware Department of Health and Social Services ("DHSS"). The FHO upheld a denial of Appellant's request of 60 hours per week of Self-Directed Attendant Care ("SDAC"). Highmark Health Options ("Health Options/Appellee") is the contracted provider and servicer of DHSS's Medicaid program.[1] Health Options originally set Appellant's SDAC needs at 28 hours per week. On July 25, 2017, Health Options denied Appellant's request to increase SDAC to 60 hours per week.[2] Appellant's appeal stems from this initial denial.

The threshold issue at this stage is whether Appellant has met his burden under 31 *Del. C.* §520 to establish that his appeal to this Court was timely filed.[3] The Court finds that Appellant's appeal was not timely. The appeal is dismissed.

# II. FACTS AND PROCEDURAL HISTORY

The record indicates that Appellant is a 58-year-old man diagnosed with several medical conditions including diabetes, hypertension, heart disease, asthma, cyclical vomiting syndrome, Hepatitis C, celiac disease, and liver disease. Despite numerous medical conditions, Appellant is occasionally able to function on his own,[4] but often requires assistance with daily activities such as bathing, cooking, cleaning, and laundry. Appellant's wife handles much of his care when he is unable to function solely on his own. Appellant also receives care under the SDAC program, a DHSS Medicaid program intended to assist disabled patients with ambulation, assistive devices, wound dressing, bathing, etc.

As of July 2017, Appellant received 28 hours per week of SDAC. Appellant apparently believed more hours should be ordered to help him with numerous daily activities. Through his physician Dr. Karlo Magat, Appellant requested an increase in SDAC to 60 hours per week; a 32-hour increase. On July 25, 2017, Health Options

---

[1] The Court is unsure of the correct business name of Appellee. The record indicates that "Highmark Health Options is an Independent Licensee of the Blue Cross and Blue Shield Association." Appellee's Answ. Br. in Opp'n of Appeal, Ex. A at 1.

[2] Appellee's Answ. Br. at 2.

[3] *See* 31 *Del. C.* §520. Section 520 requires an appellant to file a notice of appeal within 30 days of the underlying administrative agency's determination.

[4] *See* Appellee's Answ. Br., Ex. H at 11.

denied Appellant's request as "not medically necessary."[5] ("July Denial") Appellant requested an appeal of the July Denial on July 31, 2017. Health Options held an internal appeal on August 23, 2017 which upheld the July Denial. Appellant requested a State Fair Hearing on September 12, 2017. The Fair Hearing began on October 12, 2017. On January 8, 2018, after a continuance to gather more medical records, the FHO upheld the July Denial. Appellant filed the present appeal on February 12, 2018.

## III. PARTIES' CONTENTIONS

### A. Appellant Mr. Abdul-Akbar's Contentions

Appellant first contends he has "suffered gross negligence" from the "hearings parties thus far[.]"[6] Second, Appellant asserts Health Options committed "gross medical malpractice" by permitting a nurse to "essentially prescribe treatment."[7] Lastly, Appellant contends the FHO ignored claims of discrimination. Appellant asserts the July Denial "was made due to racial and religious discrimination because he is a black man and a Muslim."[8]

Procedurally, Appellant acknowledges that his *pro se* status hampers his ability to submit a more formal brief in support of his appeal. Appellant requests that the Court provide a transcript of all hearings and "all records Health Options and the [FHO] refused to put on the record[,]" so that he may "prepare a brief."[9] Finally, Appellant requests the Court appoint him counsel.

### B. Appellee Health Options' Contentions

Appellee first asserts that Appellant's appeal is untimely because he missed the 30-day deadline to file his appeal.[10] Addressing Appellant's procedural claims, Appellee contends that Appellant does not have a right to an attorney in a State Fair Hearing. Appellee also states Appellant had an option to obtain the recordings and

---

[5] Appellee's Answ. Br. at 4.
[6] Appellant's Br. in Support of Appeal, at 1. In support of his assertion, Appellant contends the FHO refused to order a complete request for discovery after Appellant notified the FHO some documents were not produced. *See id.*
[7] *Id.* at 2; *see* Appellant's Reply Br. at 1–3.
[8] Appellee's Answ. Br., Ex. H at 9.
[9] Appellant's Br. at 3.
[10] Appellee's Answ. Br. at 8.

transcripts of the Fair Hearing at his own expense, but elected not to do so. Furthermore, Appellee argues there is no evidence the FHO acted in a discriminatory manner.

Finally, even if the Court were to address the merits of Appellant's appeal, Appellee contends the FHO's decision was free of legal error and supported by substantial evidence.[11]

## IV. DISCUSSION

A.     *Appellant's appeal is untimely under 31* Del. C. *§520 and must be dismissed.*

While the Court otherwise has subject matter jurisdiction of this appeal, the appeal was not timely filed. Section 520 states "[an] appeal shall be filed within 30 days of the day of the final administrative decision."[12] "Generally, if a party fails to perfect an appeal within the statutorily mandated period, a jurisdictional defect results, thereby preventing the appellate court from exercising jurisdiction."[13] It is well established in Delaware that in construing language of a statute, Courts attempt to determine and give effect to the legislative intent.[14] There is no indication from the language of the statute that there are circumstances which would extend the 30 day time period of the statute.[15] Nor has Appellant shown any good cause as to why the Court should extend the time period for his case. Thus, the 30-day time period is absolute.

The Court lacks jurisdiction to decide a direct appeal that is untimely, and jurisdictional defects cannot be waived.[16] There is no remedy for an untimely appeal, as the Court lacks jurisdiction.[17] Under Superior Court Civil Rule 72(i), the Court has discretion to dismiss any appeal *sua sponte*, or on a motion to dismiss by any

---

[11] *Id.* at 10 (citing *Urban v. Meconi*, 930 A.2d 860, 865 (Del. 2007)).

[12] 31 *Del. C.* §520.

[13] *Preston v. Bd. of Adjustment of New Castle County*, 772 A.2d 787, 791 (Del. 2001).

[14] *Malawi v. PHI Services Co.*, 2012 WL 6945506, at *2 (Del. Super. Oct. 12, 2012) (citing *Ingram v. Thorpe*, 747 A.2d 545, 547 (Del. 2000); *State v. Cephas*, 637 A.2d 20, 23 (Del. 1994)).

[15] "If that had been the intent of the General Assembly, that language would have been included within the statute." *Malawi*, 2012 WL 6945506, at *2.

[16] *Eller v. State*, 531 A.2d 951, 953 (Del. 1987).

[17] *Eller*, 531 A.2d at 951; *Irvin–Wright v. State*, 2003 WL 21481004, at *3 (Del. Super. June 16, 2003).

party.[18] Among other reasons stated in the rule justifying a dismissal, "[d]ismissal may be ordered for untimely filing of an appeal ..."[19]

In this case, Mr. Abdul-Akbar filed his appeal four days after the 30-day deadline. The FHO, on behalf of DHSS, rendered a final decision on January 8, 2018. Thus, Appellant was required to file a notice of appeal on or before February 8, 2018, or risk waiving any right to further appeal. Appellant filed the appeal on February 12, 2018. Despite missing the deadline, Appellant believes "[n]o Court should hold pro se, untrained litigants to [the] str[i]ngent requirements" that bind "well trained and well paid attorney[]s."[20] Unfortunately, as discussed above, the Court cannot extend the 30-day deadline for Appellant. His appeal must be dismissed.

As the Court determines the appeal is untimely, it does not reach any decision on the merits of Appellant's or Appellee's other arguments.

## VI. CONCLUSION

For the foregoing reasons, Appellant Debro Abdul-Akbar's Appeal is **DISMISSED**.

Richard R. Cooch, R.J.

cc: Prothonotary
DHSS Hearing Office
P.O. Box 906,
New Castle, Delaware 19720
AWW NO: 8005829386

---

[18] Super. Ct. Civ. R. 72(i).
[19] Id.
[20] Appellant's Reply Br. at 5.

5