IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JULIAN PETTY, | § | |
| | § | No. 362, 2018 |
| Defendant Below, | § | |
| Appellant, | § | Court Below: Superior Court of the |
| | § | State of Delaware |
| v. | § | |
| | § | Cr. ID No. 1512003758 (N) |
| STATE OF DELAWARE, | § | |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: August 9, 2018
Decided: October 19, 2018

Before **STRINE**, Chief Justice; **VALIHURA** and **VAUGHN**, Justices.

## **O R D E R**

(1)    At the conclusion of a jury trial on October 31, 2017, the appellant, Julian Petty, was found guilty of burglary in the third degree, theft, and criminal mischief.  On January 5, 2018, Petty was sentenced as a habitual offender to a total of four years at Level V suspended after two years for decreasing levels of supervision.  Petty did not file a direct appeal from his convictions and sentence.  He did, however, file a timely motion for modification of sentence under Superior Court Criminal Rule 35(b).

(2)    Petty has appealed the Superior Court's order dated June 19, 2018, denying his motion for modification of sentence.  The appellee, State of Delaware,

has moved to affirm the Superior Court's judgment on the ground that it is manifest on the face of Petty's opening brief that the appeal is without merit.

(3)     On appeal, Petty argues that the Superior Court "failed to review and consider all mitigating and relevant evidence" when denying his motion for modification of sentence and when imposing the sentence on January 5, 2018.  Petty may not seek a direct review of the January 5 sentence.  By failing to file an appeal from the sentence, Petty waived any right to direct appellate review.[1]

(4)     The Superior Court has broad discretion to decide whether to alter its judgment.[2]  After considering Petty's motion for modification of sentence "and the entire record in this case," the Superior Court concluded that the sentence imposed on January 5, 2018 is appropriate for all of the reasons stated at the time of sentencing.

(5)     We review the denial of a motion for modification of sentence for abuse of discretion.[3]  There is no error or abuse of discretion in the Superior Court's denial of Petty's motion.  The Superior Court reexamined the sentence imposed on January 5, 2018 and properly determined, in the exercise of its discretion, that the sentence was appropriate.

---

[1] *In re Williams*, 2014 WL 1365826 (Del. Apr. 4, 2014) ("By failing to file a timely appeal . . . Williams has waived any right to direct appellate review of his 1997 conviction and sentence." (citing *Eller v. State*, 531 A.2d 951, 953 (Del. 1987)))
[2] *Hewett v. State*, 2014 WL 5020251 (Del. Oct. 7, 2014).
[3] *Id.*

2

NOW, THEREFORE, IT IS ORDERED that the State's motion to affirm is GRANTED.  The judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice