SUPERIOR COURT
OF THE
STATE OF DELAWARE

RICHARD R. COOCH
*RESIDENT JUDGE*

NEW CASTLE COUNTY COURTHOUSE
500 NORTH KING STREET, SUITE 10400
WILMINGTON, DELAWARE 19801-3733
TELEPHONE (302) 255-0664

Caesar Kasamba Cooper
5580 Heritage Court Drive, Apt. 1C
Wilmington, Delaware 19808
Appellant, *Pro se*

Karen M. Volker, Esquire
Deputy Attorney General
Department of Justice
820 North French Street, 6th Floor
Wilmington, Delaware 19801
Attorney for Appellee

Re:   **Caesar Kasamba Cooper v. Delaware Department of Health
and Social Services Division of Long Term Care Residents
Protection**
**C.A. No. N18A-09-005 RRC**

Submitted: October 24, 2018
Decided: December 4, 2018

On Appellee's Motion to Dismiss. **GRANTED.**

Dear Mr. Cooper and Ms. Volker:

Appellee Department of Health and Social Services, Division of Long Term Care Residents Protection ("DHSS" and "DLTCRP" respectively) filed a Motion to Dismiss Appellant Caesar Kasamba Cooper's Appeal of the Decision of the Hearing Officer on behalf of DLTCRP. Pursuant to 11 *Del. C.* § 8564(b), the finding of the hearing officer is the final decision of DLTCRP, and is appealable on the record to the Superior Court.[1] Under Superior Court Civil Rule 72(b), "[i]f no time is prescribed by statute, the notice of appeal shall be filed within 15 days from entry of

---

[1] 11 *Del. C.* § 8564(b).

the final judgment, order, or disposition from which an appeal is permitted by law."[2] Section 8564 does not prescribe a deadline for filing an appeal. Thus, in this matter, Civil Rule 72(b) applies.[3]

It is well established that the Court lacks jurisdiction to decide a direct appeal that is untimely, and jurisdictional defects cannot be waived.[4] There is no remedy for an untimely appeal, as the Court lacks jurisdiction.[5] Under Superior Court Civil Rule 72(i), the Court has discretion to dismiss any appeal *sua sponte*, or on a motion to dismiss by any party.[6] Among other reasons, "[d]ismissal may be ordered for untimely filing of an appeal...."[7]

In this case, Appellant filed his appeal five days after the 15-day deadline. The hearing officer, on behalf of DLTCRP, rendered a final decision on August 31, 2018. Thus, Appellant was required to file a notice of appeal on or before September 15, 2018, or risk waiving any right to further appeal. Appellant filed his appeal on September 20, 2018. Appellant's appeal must be dismissed.

Accordingly, Appellee's Motion to Dismiss is **GRANTED**.

**IT IS SO ORDERED.**

Very truly yours,

RRC

cc: Prothonotary
    Department of Health and Social Services
    Division of Long Term Care Residents Protection

---

[2] Super. Ct. Civ. R. 72(b).
[3] Appellant was advised that Civil Rule 72(b) applied to his matter under Section V of the hearing officer's written decision. *See* Final Decision of the Division of Long Term Care Residents Protection, Appellee's Mot. to Dismiss, Ex. B, Trans. ID 62593786, at 11, § V.
[4] *Eller v. State*, 531 A.2d 951, 953 (Del. 1987).
[5] *Eller*, 531 A.2d at 951; *Irvin–Wright v. State*, 2003 WL 21481004, at *3 (Del. Super. June 16, 2003).
[6] Super. Ct. Civ. R. 72(i).
[7] *Id.*