# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

VANESSA L. SIMPSON,     )
                                  )
       Plaintiff,       )
                                  )
   v.               )   C.A. No. N20C-10-057 ALR
                                  )
STATE FARM          )
INSURANCE COMPANY,     )
                                  )
     Defendant.     )

Submitted: February 23, 2021
Decided: March 25, 2021

***Upon Defendant's Motion to Dismiss***
**GRANTED**
**ORDER**

Upon consideration of the Motion to Dismiss filed by Defendant State Farm

Insurance Company ("Defendant"); the response thereto filed by Plaintiff Vanessa

L. Simpson ("Plaintiff"); the facts, arguments, and legal authorities set forth by the

parties, the Superior Court Civil Rules; statutory law and decisional precedent; and

the entire record in this case, the Court hereby finds as follows:

1. Plaintiff initially filed a claim with the Delaware Insurance

Commissioner as a self-represented litigant alleging her vehicle was stolen.[1]

---

[1] *See* Def.'s Mot. to Dismiss Ex. 1 [hereinafter "Request for Automobile Arbitration"]. Plaintiff's Request for Automobile Arbitration was filed on November 25, 2019. *Id.*

2. On July 2, 2020, the Delaware Insurance Commissioner Arbitration Panel issued its decision (the "Arbitration Decision") and found that Plaintiff failed to meet her burden of proof.[2] The Arbitration Decision contained the following notice: "THIS AWARD MAY BE APPEALED BY EITHER SIDE PROVIDED AN APPEAL IS FILED WITH SUPERIOR COURT WITHIN 30 DAYS OF THE DATE OF THIS AWARD."[3]

3. Plaintiff did not file an appeal with this Court within 30 days of the Arbitration Decision.

4. On October 8, 2020, Plaintiff brought this action as a self-represented litigant against Defendant seeking payment for her stolen vehicle.

5. On November 11, 2020, Defendant filed a Motion to Dismiss pursuant to Superior Court Civil Rules 12(b)(1), (2), (4) and (5).[4]

---

[2] *See* Def.'s Mot. to Dismiss Ex. 2 [hereinafter "July 2, 2020 Arbitration Panel Award"]. Although the July 2, 2020 Arbitration Panel Award contains a typo, (that "Claimant dialed [*sic*] to meet her burden of proof"), the Court understands this to mean the Plaintiff "failed" to meet her burden of proof. *Id.*

[3] *Id.*

[4] Specifically, Defendant moves to dismiss Plaintiff's complaint based the following: (1) the Court's lack of jurisdiction over the subject matter, *see* Super. Ct. Civ. R. 12(b)(1); (2) the Court's lack of jurisdiction over the person, *see* Super. Ct. Civ. R. 12(b)(2); (3) insufficiency of process, *see* Super. Ct. Civ. R. 12(b)(4); and insufficiency of service of process, *see* Super. Ct. Civ. R. 12(b)(5). Because Defendant's motion to dismiss is granted on the basis that this Court lacks subject matter jurisdiction to consider Plaintiff's complaint, this Court has not addressed Defendant's other claims for relief.

6.      Plaintiff responded in opposition to the motion to dismiss on December 30, 2020.[5]

7.      At the Court's request, supplemental responses were filed by both parties addressing whether the deadlines for filing an appeal with the Superior Court from the Delaware Insurance Commissioner Arbitration Panel were extended pursuant to the Judicial Emergency Orders issued by the Delaware Supreme Court.[6]

8.      Defendant argues that Plaintiff had an optional right to submit a claim to the Delaware Insurance Commissioner's Arbitration in accordance with Title 21, Section 2118(j)(5) of the Delaware Code.[7]  Defendant further contends that the Court

---

[5] The Court notified Plaintiff that her response to Defendant's Motion to Dismiss was due no later than December 15, 2020.  As of December 18, 2020, Plaintiff had not filed a response.  In consideration of Plaintiff's status as a self-represented litigant, the Court sent another letter allowing a response no later than January 6, 2021 and notifying Plaintiff that the Court would issue a ruling on the motion to dismiss with no further input if no response was filed by January 6.

[6] *See* Order Decl. Jud. Emergency (Mar. 13, 2020) (Seitz, C.J.).  Most recently, the Judicial Emergency Order was extended on March 3, 2021.  *See* Admin. Order No. 17 (Del. Mar. 3, 2021) (Seitz, C.J.).

[7] *See* 21 *Del. C.* § 2118(j)(5).  Section 2118(j)(5) provides:
> (j) Every insurance policy issued under this section shall require the insurer to submit to arbitration, in the manner set forth hereinafter, any claims for losses or damages within the coverages required under paragraph (a)(2) of this section and for damages to a motor vehicle, including the insured motor vehicle, including loss of use of such vehicle, upon request of the party claiming to have suffered a loss or damages within the above-described coverages of paragraph (a)(2) of this section or to such a motor vehicle.  Such request shall be in writing and mailed to the Insurance Commissioner. . . .

lacks subject matter jurisdiction because Plaintiff failed to timely file an appeal from the Arbitration Decision.

9. When subject matter jurisdiction is at issue, the plaintiff bears the burden of establishing such jurisdiction.[8] A challenge to subject matter jurisdiction cannot be waived,[9] nor can subject matter jurisdiction be conferred by agreement.[10]

10. Defendant further contends that the Court cannot extend the 30-day period under Section 2118(j)(5) because the time period is jurisdictional.

11. Plaintiff elected arbitration by filing a claim with the Delaware Insurance Commissioner which issued the Arbitration Decision on July 2, 2020. Plaintiff took no further action until filing the present complaint on October 8, 2020– over three months later. The 30-day period for filing an appeal is fixed by statute. Once Plaintiff elected arbitration, Plaintiff was bound by the procedural process set

---

(5) The right to require such arbitration shall be purely optional and neither party shall be held to have waived any of its rights by any act relating to arbitration and the losing party shall have a right to appeal de novo to the Superior Court if notice of such appeal is filed with that Court in the manner set forth by its rules within 30 days of the date of the decision being rendered.

21 *Del. C.* § 2118(j)(5).

[8] *Charlotte Broad., LLC v. Davis Broad. of Atlanta LLC*, 2013 WL 1405509, at *3 (Del. Ch. Apr. 2, 2013) (citing *Christiana Town Ctr., LLC v. New Castle Ctr.*, 2003 WL 21314499, at *3 (Del. Ch. June 6, 2003)).

[9] *See Appriva S'holder Litig. Co., LLC v. EV3, Inc.*, 937 A.2d 1275, 1284 (Del. 2007); *Plummer v. Sherman*, 861 A.2d 1238, 1243 (Del. 2004).

[10] *See Butler v. Grant*, 714 A.2d 747, 749–50 (Del. 1998); *El Paso Nat. Gas Co. v. TransAmerican Nat. Gas Corp.*, 669 A.2d 36, 39 (Del. 1995).

forth in Section 2118(j)(5). Accordingly, because Plaintiff elected arbitration, this Court had subject matter jurisdiction only "if notice of such appeal [was] filed with [the Superior] Court in the manner set forth by its rules *within 30 days of the date of the decision being rendered*."[11]

12. According to the Delaware Supreme Court, "[t]he timely filing of a document may constitute a jurisdictional threshold where the filing is a prerequisite to the court's authority to hear the matter before it. Thus, the power of an appellate court to exercise jurisdiction rests upon the perfecting of an appeal within the time period fixed by statute."[12] Unless a delay in filing is due to court-related personnel,[13] the appellate court is not permitted to exercise jurisdiction.[14]

13. Moreover, the Delaware Supreme Court's Emergency Orders in connection with COVID-19 did not toll Plaintiff's 30-day period to appeal from the Arbitration Decision. Beginning in March of 2020, Governor John Carney declared

---

[11] 12 *Del. C.* § 2118(j)(5) (emphasis added).

[12] *PNC Bank, Del. v. Hudson*, 687 A.2d 915, 916 (Del. 1997) (citing *Fisher v. Biggs*, 284 A.2d 117, 118 (Del. 1971) ("It is fundamental that the appellate jurisdiction [] rests wholly upon the perfecting of an appeal within the period of limitations fixed by law.")).

[13] *Id.* (citing *Riggs v. Riggs*, 539 A.2d 163, 164 (Del. 1988) (excusing delay when there was evidence to suggest that the Family Court led the appellant to believe that an appeal had been properly filed)).

[14] *Id.* (citing *Eller v. State*, 531 A.2d 951, 953 (Del. 1987) (finding that not even excusable neglect on the part of a litigant would permit the appellate court to exercise jurisdiction)).

5

a State of Emergency[15] as result of the COVID-19 pandemic, and the Delaware Supreme Court issued a series of Administrative Orders.[16] In Administrative Order No. 3, the Delaware Supreme Court tolled statutes of limitations and other deadlines falling between March 23, 2020 and April 15, 2020.[17] On June 5, 2020, the Delaware Supreme Court issued Administrative Order No. 7[18] which tolled deadlines falling between March 23, 2020 and June 30, 2020.[19] In the Administrative Orders that followed,[20] the Delaware Supreme Court did not further extend or toll any statute of limitations or other deadlines, including appeal deadlines.

14. The Arbitration Decision was issued on July 2, 2020. The 30-day deadline for filing an appeal was not tolled by the Delaware Supreme Court's Administrative Orders issued in connection with the COVID-19 pandemic.

---

[15] *See* Decl. of a State of Emergency (Mar. 12, 2020) (Gov. Carney).

[16] *See* Order Decl. Jud. Emergency (Mar. 13, 2020) (Seitz, C.J.).

[17] *See* Admin. Order No. 3 (Del. Mar. 22, 2020) (Seitz, C.J.).

[18] *See* Admin. Order No. 7 (Del. June 5, 2020) (Seitz, C.J.).

[19] *Id.*

[20] Including Administrative Order No. 8, issued July 6, 2020, *see* Admin. Order No. 8 (Del. July 6, 2020) (Seitz, C.J.), Administrative Order No. 9, issued August 5, 2020, *see* Admin. Order No. 9 (Del. Aug. 5, 2020) (Seitz, C.J.), Administrative Order No. 10, issued September 4, 2020, *see* Admin. Order No. 10 (Del. Sept. 4, 2020) (Seitz, C.J.), Administrative Order. No. 11, issued October 2, 2020, *see* Admin. Order No. 11 (Del. Oct. 2, 2020) (Seitz, C.J.), through Administrative Order No. 17, issued March 3, 2021, *see* Admin. Order No. 17 (Del. Mar. 3, 2021) (Seitz, C.J.).

15.     The Court recognizes that self-represented litigants may be held to a less stringent standard in presenting their cases under certain circumstances.[21]  A self-represented litigant should be granted more leniency in articulating arguments in support of his or her claim, affording the litigant an opportunity to be fully and fairly heard.[22]  However, "[t]here is no different set of rules for *pro se* plaintiffs, and the trial court should not sacrifice the orderly and efficient administration of justice to accommodate the unrepresented plaintiff."[23]

16.     Finally, the Court is mindful of Delaware's strong judicial policy that courts should decide cases on their merits.[24] However, Plaintiff's failure to file a timely appeal precludes this Court from reaching the merits of her claim because the Court does not have jurisdiction under these circumstances.  Nevertheless, Plaintiff had an opportunity for a hearing on the merits at the administrative level before the Delaware Insurance Commissioner Arbitration Panel.

17.     Since Plaintiff did not file a notice of an appeal within 30 days of the Arbitration Decision, this Court does not have jurisdiction over Plaintiff's claim.

---

[21] *Hayward v. King*, 2015 WL 6941599, at *4 (Del. Nov. 9, 2015) (TABLE).

[22] *Jackson v. Unemployment Ins. Appeal Bd.*, 1986 WL 11546, at *2 (Del. Super. Sept. 24, 1986) (stating the Court may give a self-represented litigant leniency to allow the case to be "fully and fairly heard").

[23] *Draper v. Med. Ctr. Of Del.*, 767 A.2d 769, 799 (Del. 2001).

[24] *See Dishmon v. Fucci*, 32 A.3d 338, 346 (Del. 2011).  "Delaware has a strong public policy that favors permitting a litigant a right to a day in court." *Id.* (citing *Beckett v. Beebe Med. Ctr., Inc.*, 897 A.2d 753, 758 (Del. 2006)).

7

The deadline is statutory and was not tolled or extended in connection with COVID-19 emergency orders. Although Plaintiff is a self-represented litigant, the Court does not have latitude to extend a jurisdictional deadline. Finally, Plaintiff had an opportunity to address her claim on the merits at the arbitration proceeding. Therefore, for the reasons stated herein, this action must be dismissed with prejudice.

**NOW, THEREFORE, this 25th day of March 2021, Defendant's Motion to Dismiss is hereby GRANTED. Plaintiff's Complaint is hereby DISMISSED WITH PREJUDICE.**

**IT IS SO ORDERED.**

*Andrea L. Rocanelli*

_____

The Honorable Andrea L. Rocanelli