Sheldon H. SOLOW, Plaintiff Below, Appellant,

v.

ASPECT RESOURCES, LLC, Aspect Energy, LLC, Aspect Management Corp., and Alex M. Cranberg, Defendants Below, Appellees.

No. 484, 2011.

Supreme Court of Delaware.

Submitted: Jan. 25, 2012.
Decided: March 16, 2012.
Corrected: March 19, 2012.
Reargument and Rehearing En Banc Denied April 5, 2012.

R. Karl Hill, Esquire and Patricia P. McGonigle, Esquire, Seitz, Van Ogtrop & Green, P.A., Wilmington, Delaware. Of Counsel: Ira Lee Sorkin, Esquire, Donald A. Corbett, Esquire (argued) and Daniel K. Roque, Esquire, Lowenstein Sandler PC, New York, New York for Appellants.

Jon E. Abramczyk, Esquire (argued) and Matthew R. Clark, Esquire, Morris, Nichols, Arsht & Tunnell LLP, Wilmington, Delaware for Appellees.

Before BERGER, JACOBS and RIDGELY, Justices.

BERGER, Justice:

In this appeal we consider whether the Court of Chancery abused its discretion in dismissing Appellant's amended complaint for failure to prosecute. Appellant contends that, notwithstanding more than two

years of inactivity, it established good cause for its failure to prosecute—change of counsel and settlement negotiations. The trial court found that Appellant's showing was insufficient to overcome the long delay. We find no abuse of discretion, and affirm.

### Factual and Procedural Background

In June 2003, Sheldon H. Solow filed this action against Aspect Resources, LLC and related parties. Solow claims that Aspect breached a limited partnership agreement under which another limited partnership was formed to seek out, acquire and develop oil and gas producing properties through the use of three-dimensional seismic technology. After the trial court dismissed several of Solow's claims, he amended his complaint in February 2004. Aspect again moved to dismiss and for summary judgment. In October 2004, the court granted the motion to dismiss but denied the motion for summary judgment.

Solow filed document requests in December 2004, but took no further action for the next 21 months. He resumed litigation in October 2006. During the period from October 2006 through July 2008, Solow filed requests for discovery, took and defended a few depositions, and filed a second amended complaint. Thereafter, Solow took no action to pursue his claims. During this period of inactivity, Solow's New York and local counsel withdrew from representing him. By letter dated March 13, 2009, Solow advised the court that he was appearing *pro se* until he retained new counsel. There were no docket entries in this case from April 2009 until January 2011.

On January 11, 2011, the trial court sent a status letter to former counsel advising that there was no activity for more than one year, and that the court might dismiss

the case without further notice under Chancery Court Rule 41(e). No party responded to the court's status letter, and the case was dismissed on March 9, 2011. Four months later, Solow's former counsel advised the court that Solow did not receive the January status letter until recently. Former counsel requested that the order of dismissal be vacated and that Solow be given 20 days to submit a case management order to govern future proceedings.

The court gave Solow until August 1, 2011, to move to vacate the order. Shortly before the due date, new counsel appeared on behalf of Solow, and his motion to vacate was timely filed. In it, Solow argued that the "good reason" for his inaction was that he was actively seeking new counsel and that he was engaged in substantive settlement negotiations. Opposing counsel described the settlement discussions as "wholly conceptual," and added that the parties never discussed a stay. The trial court decided that Solow did not establish good cause for his inaction. By letter dated August 11, 2011, the court dismissed this case for failure to prosecute. This appeal followed.

### Discussion

■■■ Delaware trial courts have inherent power to control their dockets.[1] Consistent with that power, Court of Chancery Rule 41(e) provides for involuntary dismissal of cases where there has been no action for one year:

Rule 41(e) *Inaction for 1 year; dismissal.* [I]n each cause pending wherein no action has been taken for a period of 1 year, the Court may upon application of any party, or on its own motion, and after reasonable notice, enter an order dismissing such cause unless good reason for the inaction is given. . . .

---

1. *Coleman v. PricewaterhouseCoopers, LLC,* 902 A.2d 1102, 1107 (Del.2006).

In deciding what constitutes "good reason" the court should balance the reasons for, and length of the delay, against the policy in favor of deciding cases on the merits.[2] This Court reviews the trial court's decision for abuse of discretion, which has been explained as follows:

> Judicial discretion is the exercise of judgment directed by conscience and reason, and when a court has not exceeded the bounds of reason in view of the circumstances and has not so ignored recognized rules of law or practice so as to produce injustice, its legal discretion has not been abused.[3]

██ In this case, Solow took no action for more than two years. His explanation for the delay is that he was looking for new counsel and engaged in settlement negotiations. In his affidavit, Solow's General Counsel acknowledged that he and Solow were looking for new counsel for more than a year. But there is nothing to suggest why such a long search was necessary. As for the settlement discussions, Aspect describes them as "conceptual" and makes the point that there were never any discussions about staying the litigation. In sum, it has been almost 9 years since Solow filed suit, and for the past 2 years he allowed his claims to languish. The Court of Chancery did not abuse its discretion in dismissing the case for failure to prosecute.

## Conclusion

Based on the foregoing, the judgment of the Court of Chancery is AFFIRMED.

---

**2.** *Draper v. Medical Center of Delaware*, 767 A.2d 796, 798 (Del.2001).

**3.** *Firestone Tire and Rubber Co. v. Adams*, 541 A.2d 567, 570 (Del.1988).