**COURT OF CHANCERY**
**OF THE**
**STATE OF DELAWARE**

TAMIKA R. MONTGOMERY-REEVES
VICE CHANCELLOR

Leonard Williams Justice Center
500 N. King Street, Suite 11400
Wilmington, Delaware 19801-3734

Date Decided: August 3, 2018

Samuel L. Guy, Esquire
Samuel L. Guy, Attorney at Law
1601 Concord Pike, Suite 38C
Wilmington, Delaware 19899

Steven J. Fineman, Esquire
Blake Rohrbacher, Esquire
Kevin M. Gallagher, Esquire
Richards, Layton & Finger, P.A.
920 North King Street
Wilmington, Delaware 19801

RE:  ***Samuel L. Guy v. Luke Mette et al.***
    C.A. No. 2017-0121-TMR

Dear Counsel:

This letter opinion resolves Defendants' Motion to Dismiss for Failure to Prosecute and Plaintiff's Cross Motion for a Default Judgment for Failure to File an Answer or Opening Brief. For the reasons stated herein, the Motion to Dismiss for Failure to Prosecute is GRANTED and the Motion for Default Judgment for Failure to File an Answer or Opening Brief is DENIED.

## I.    BACKGROUND

Plaintiff filed this action in the morning of February 16, 2017. He also sought expedition and injunctive relief regarding a Wilmington City Council meeting to be held that evening. I denied his request for an expedited hearing on the merits and ordered the parties to confer and establish a case schedule.

In response to the Court's order, Defendants' counsel sent Plaintiff a letter suggesting that the case was moot and should be dismissed. Plaintiff denied that the case was moot and did not agree to dismiss the complaint. Thus, Defendants filed a motion to dismiss on March 31, 2017. On April 21, 2017, Defendants' counsel sent Plaintiff an email seeking a briefing schedule. Plaintiff never responded to the email, never requested a briefing schedule, and never again contacted Defendants' counsel. In fact, Plaintiff did not file anything else in this action until June 29, 2018, after Defendants moved to dismiss this action.

## II.  ANALYSIS

The Court of Chancery Rules reflect the inherent power of this Court to manage its docket to prevent unnecessary and wasteful delay. Under Rule 41(b), a defendant may move for dismissal of an action for "failure of the plaintiff to prosecute." Ct. Ch. R. 41(b). Under Rule 41(e), this Court may dismiss an action "wherein no action has been taken for a period of 1 year … unless good reason for the inaction is given." Ct. Ch. R. 41(e). "In deciding what constitutes 'good reason' the court should balance the reasons for, and length of the delay, against the policy in favor of deciding cases on the merits." *Solow v. Aspect Res., LLC*, 46 A.3d 1074, 1076 (Del. 2012). Under Rule 55(b), "[w]hen a party against whom a judgment for affirmative relief is sought, has failed to appear, plead or otherwise defend as

provided by these Rules, and that fact is made to appear, judgment by default may be entered." Ct. Ch. R. 55(b).

"In this case, the . . . analysis under Court of Chancery Rules 41(b) and (e) is straightforward. Plaintiff failed to take any substantive activity to prosecute this case for a period of well over one year." *Tooley v. AXA Fin., Inc.*, 2009 WL 1220624, at *2 (Del. Ch. Apr. 29, 2009). Plaintiff's sole justification for his delay is that Defendants failed to file an opening brief in support of their motion to dismiss. But Defendants proposed a briefing schedule and waited for more than a year for Plaintiff's response. Plaintiff ignored Defendants' request to enter into a customary briefing schedule. And Plaintiff never separately applied to this Court for an order fixing a briefing schedule, which Court of Chancery Rule 7(b)(4) allows. Ct. Ch. R. 7(b)(4) ("If the parties are unable to agree to a brief schedule, any party may apply for an order fixing such schedule."). "It is the responsibility of the plaintiff to prosecute an action, and mere inaction by a defendant does not excuse inaction by a plaintiff." *Tooley*, 2009 WL 1220624, at *2 n.8. Thus, Plaintiff has failed to provide good reason for his inaction.

The analysis under Court of Chancery Rule 55(b) is equally straightforward. At no time have Defendants "failed to appear, plead or otherwise defend as provided by [the] Rules." To the contrary, they appeared and defended the Motion to Expedite

and Motion for Injunctive Relief. Thereafter, they filed a motion to dismiss and attempted to negotiate a briefing schedule with Plaintiff. Thus, Plaintiff's motion for default judgment fails.

**CONCLUSION**

For the reasons set forth above, the Motion to Dismiss for Failure to Prosecute is GRANTED and the Motion for Default Judgment for Failure to File an Answer or Opening Brief is DENIED.

**IT IS SO ORDERED.**

Sincerely,
*/s/Tamika Montgomery-Reeves*
Vice Chancellor

TMR/jp