# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

|  |  |  |
|---|---|---|
| CHERI BLACK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. N20C-08-270 MMJ |
| | ) | |
| NEW CASTLE COUNTY, | ) | |
| | ) | |
| Defendant. | ) | |

Submitted: June 17, 2021
Decided: September 14, 2021

On Defendant's Motion to Dismiss
**GRANTED**

On Plaintiff's Motion to Amend the Complaint
**DENIED**

## OPINION

Cheri Black, Plaintiff *Pro Se*

Nicholas J. Brannick, Esq., (Argued), New Castle County, New Castle, Delaware, *Attorney for Defendant*

**JOHNSTON, J.**

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Cheri Black brings this action against Defendant New Castle County, claiming damages related to the alleged misconduct of a New Castle County Department of Land Use employee.

On March 12, 2019, Plaintiff Cheri Black acquired the property located at 316 Wildel Avenue, New Castle, Delaware 19720 (the "Property"). Plaintiff's mother, Emily Baldwin, was the previous owner of the Property. On April 23, 2019, Plaintiff received a violation notice relating to Plaintiff's failure to secure the Property after it had been destroyed in a fire. Joseph Day, an employee at the New Castle County Department of Land Use (the "Department") signed the violation notice.

The following facts have been provided by Plaintiff. Because Plaintiff is the non-moving party, the facts are viewed by the Court in the light most favorable to Plaintiff. On June 21, 2019, Plaintiff and Emily Baldwin drove to the Department so Plaintiff could extend a demolition permit regarding a structure on the Property and schedule an inspection. Plaintiff entered the Department and Emily Baldwin waited in the car. Plaintiff was told that she could not extend the demolition permit because of outstanding Property fees. Plaintiff then provided a statement outlining Plaintiff's intended plan for the Property. The Property fees were imposed by New Castle County during Emily Baldwin's ownership of the Property. Plaintiff was told

2

she needed to speak to Joseph Day, a Department employee, in order to contest the Property fees. Plaintiff went back and forth to the car for instructions from Emily Baldwin on how to proceed in Plaintiff's efforts to obtain a permit extension and inspection.

Back in the lobby, Plaintiff was approached by Day, who introduced himself to Plaintiff and led Plaintiff into the offices of the Department. Plaintiff alleges she refused to go into any private area of the Department with Day. Day asked Plaintiff to sit in the Department's office while Day checked to see if he could provide Plaintiff with the documents Plaintiff was requesting regarding the Property fees. Day then sat down beside Plaintiff, and a conversation ensued. Day told Plaintiff he was unable to print out years of fees for Plaintiff.

Plaintiff alleges that Day touched Plaintiff's "mid arm down to [Plaintiff's wrist] without consent from Plaintiff."[1] Plaintiff claims that Day's contact was "sexual assault."[2] Plaintiff states Day then apologized for touching Plaintiff. Plaintiff allegedly told Day to get his boss so Plaintiff could report the touching as sexual assault, which prompted Day to "run off."[3] Plaintiff states: "[Day] knew what he did was wrong and that['s] why [Day] said he was sorry and ran."[4] Plaintiff alleges that Day's contact immediately caused Plaintiff to have an episode of Post-

---

[1] Compl. ¶¶ 15, 72.
[2] Compl. ¶ 77.
[3] *See* Compl. ¶ 77.
[4] Pl.'s Resp. at 3.

Traumatic Stress Disorder ("PTSD"), caused Plaintiff emotional distress, and placed Plaintiff in an "infant state."[5]

On July 31, 2019, Plaintiff began treatment at Advantage Psychiatric Services, LLC. for "Post-Traumatic Stress Disorder, Major Depressive Disorder, and Anxiety Disorder" ("Treatment Confirmation Letter").[6] Plaintiff continually refers to this Treatment Confirmation Letter as a "medical report" in her pleadings. However, there is no mention of this incident in the Treatment Confirmation Letter.[7] Notably, Plaintiff already has linked alternative conduct as the source of Plaintiff's PTSD in a separate lawsuit Plaintiff initiated against Defendant.[8]

## RELATED CASES

The instant litigation is one of five[9] related cases filed in this Court. Four of the cases are presently pending and originate from *[Emily] Baldwin v. New Castle County*.[10] The underlying facts are incorporated by reference. In *[Emily] Baldwin v. New Castle County*,[11] this Court issued an opinion dated January 13, 2020, dismissing Emily's claims against the County with prejudice. The Court found that

---

[5] Compl. ¶¶ 13, 20, 78-79.
[6] PAC, Ex. 2 (Treatment Confirmation Letter).
[7] *Id.*
[8] *See Black v. New Castle Cty.*, C.A. No. N20C-07-220 MMJ.
[9] (1) *[Maxine] Baldwin v. New Castle Cty.*, C.A. No. N20C-12-126 MMJ; (2) *Black v. New Castle Cty.*, C.A. No. N20C-07-220 MMJ; (3) *Black v. New Castle Cty.*, C.A. No. N20C-08-270 MMJ; and (4) *Black v. New Castle Cty.*, C.A. No. N21C-03-019 MMJ.
[10] *[Emily] Baldwin v. New Castle Cty.*, 2020 WL 204088, at *2 (Del. Super.), *rearg. denied*, 2020 WL 638858 (Del. Super.), *aff'd*, 2020 WL 6158118 (Del. 2020).
[11] *Id.* (The Court will refer to Emily Baldwin as "Emily" for the sake of clarity. No disrespect is intended).

Emily lacked standing to challenge the Property tax liens because Emily no longer owned the Property and the tax liens ran with the Property. On appeal, the Delaware Supreme Court affirmed this Court's decision. The same Property and the same challenged Property tax liens set the stage for the alleged incident that gave rise to the instant litigation.

On July 27, 2020, Plaintiff Cheri Black filed her complaint. Plaintiff is proceeding *pro se* and *in forma pauperis*. On November 9, 2020, Defendant filed its Motion to Dismiss, with prejudice, pursuant to Superior Court Civil Rule 12(b)(6). On November 23, 2020, Plaintiff filed her Response to Defendant's Motion to Dismiss. On November 23, 2020, Plaintiff also filed a Motion to Amend the Complaint, asserting tort claims based on an alleged breach of fiduciary duty, gross negligence, wantonness and/or recklessness, and modifying the remedy and amount of damages Plaintiff seeks. On December 15, 2020, Defendant filed its Consolidated Brief in opposition to Plaintiff's Motion to Amend the Complaint and Reply in support of Defendant's Motion to Dismiss.

On June 16, 2021, Plaintiff filed an Affidavit of Emily J. Baldwin along with a Notice of Power of Attorney with the New Castle County Prothonotary. The Power of Attorney purported to designate Plaintiff's mother, Emily Baldwin, as Plaintiff's "Agent" and authorized Emily Baldwin "to speak on [Cheri Black's] behalf in court on all civil cases." On June 17, 2021, the Court heard oral argument on Defendant's

Motion to Dismiss and Plaintiff's Motion to Amend the Complaint. At the hearing, Defendant moved to dismiss this case on the grounds that Plaintiff was being represented by Emily Baldwin, an unlicensed individual engaging in the unauthorized practice of law.

## MOTION TO DISMISS STANDARD

When reviewing a motion to dismiss pursuant to Rule 12(b)(6), the Court must determine whether the claimant "may recover under any reasonably conceivable set of circumstances susceptible of proof."[12] The Court must accept as true all non-conclusory, well-pleaded allegations.[13] Every reasonable factual inference will be drawn in favor of the non-moving party.[14] However, the Court will "ignore conclusory allegations that lack specific supporting factual allegations."[15] "Dismissal is warranted where the plaintiff has failed to plead facts supporting an element of the claim, or that under no reasonable interpretation of the facts alleged could the complaint state a claim for which relief might be granted."[16]

## ANALYSIS

Plaintiff brings claims appearing to be battery and intentional infliction of emotional distress. Plaintiff also brings claims appearing to be for gross negligence,

---

[12] *Spence v. Funk*, 396 A.2d 967, 968 (Del. 1978)).
[13] *Id.*
[14] *Wilmington Sav. Fund. Soc'y, F.S.B. v. Anderson*, 2009 WL 597268, at *2 (Del. Super.) (citing *Doe v. Cahill*, 884 A.2d 451, 458 (Del. 2005)).
[15] *Ramunno v. Cawley*, 705 A.2d 1029, 1034 (Del. 1998).
[16] *Hedenberg v. Raber*, 2004 WL 2191164, at *1 (Del. Super.)

wantonness/wanton negligence, recklessness, and breach of fiduciary duty, as a result of the alleged incident.

Defendant presents the following questions:

(1)     Should the Complaint be dismissed because the sections from title 11 of the Delaware Code cited by Plaintiff do not give rise to a private cause of action?

(2)     Should the Complaint be dismissed because Plaintiff fails to state a claim for intentional infliction of emotion distress?

(3)     Should the Complaint be dismissed because Plaintiff fails to state a claim for the intentional torts of either assault or battery?

(4)     Is County immune from suit under the County and Municipal Tort Claims Act, 10 *Del. C.* §§ 4010-13 (the "CMTCA")?

(5)     Should the Complaint be dismissed because it serves no legitimate purpose?

### *Subject Matter Jurisdiction*

Plaintiff claims Defendant owed Plaintiff a "fiduciary duty" arising from the New Castle County Ethics Code[17] and the "State Ethics Code.[18] This Court cannot hear claims in the first instance that are premised on violations of the New Castle

---

[17] *New Castle Cty. Code* §§ 2.03.100 *et seq.*
[18] 29 *Del. C.* §§ 5801 *et seq.*

7

County Ethics Code or State Ethics Code. Those claims first must be presented to the New Castle County Ethics Commission or to the Public Integrity Commission.[19]

Additionally, this Court has no jurisdiction to hear breach of fiduciary duty claims. Those claims must be presented in the Court of Chancery.[20] Plaintiff's claims in her original Complaint that are premised on various state criminal statutes, must be dismissed. No private cause of action arises under those criminal statutes.[21]

### *Failure to State a Claim*

For a claim of gross negligence to survive a motion to dismiss, Plaintiff must plead facts that show an extreme departure from the standard of care.[22] To sustain a wantonness claim, Plaintiff must plead facts that show Defendant's conduct was so unreasonable and dangerous that Defendant was on notice Plaintiff likely would be harmed.[23] To sustain a recklessness claim, Plaintiff must plead that the precise harm to Plaintiff was reasonably apparent and consciously ignored by Defendant.[24]

Viewing the facts in the light most favorable to Plaintiff, the Court finds that Plaintiff has not established a *prima facie* case for Plaintiff's claims of gross negligence, wantonness, or recklessness. Plaintiff pleads in a conclusory fashion, without supplying sufficient objective facts to support those claims.

---

[19] *Abbott v. Gordon*, 2008 WL 821522, at *22 (Del. Super.), *aff'd*, 957 A.2d 1 (Del. 2008).
[20] *Rich Realty, Inc. v. Potter Anderson & Corroon LLP*, 2011 WL 1632338, at *1 (Del. Super.).
[21] *Brett v. Berkowitz*, 706 A.2d 509, 512-13 (Del. 1998).
[22] *See Zimmerman v. Crothall*, 2012 WL 707238, at *6-7 (Del. Ch).
[23] *Eustice v. Rupert*, 460 A.2d 507, 509-511 (Del. 1983).
[24] *Hamilton v. State*, 816 A.2d 770, 773-74 (Del. 2003).

## *Immunity*

Defendant contends that New Castle County has immunity from suit for Plaintiff's claims under the County and Municipal Tort Claims Act (the "CMTCA").[25] Plaintiff asserts Defendant is not immune from suit because Day touched Plaintiff in a public building and, therefore, the Section 4012(2) Public Building Exception applies.

Plaintiff has the burden of establishing the existence of a Section 4012 exception.[26] The three Section 4012 exceptions to immunity are strictly construed in keeping with the broad grant of immunity provided under Section 4011(c).[27]

> Except as otherwise expressly provided by statute, all governmental entities and their employees shall be immune from suit on any and all tort claims seeking recovery of damages.[28]

The Public Building Exception provides:

> A governmental entity shall be exposed to liability for its *negligent* acts or omissions causing property damage, *bodily injury* or death . . . [i]n the construction, operation or maintenance of any public building or the appurtenances thereto[.] (emphasis added).[29]

The Court finds that Defendant is immune from suit under the CMTCA because Plaintiff did not meet her burden of establishing that the Public Building

---

[25] 10 *Del. C.* §§ 4010-13.
[26] *See Lewandowski v. City of Wilm.*, 2017 WL 3264037, at *2 (Del. Super.).
[27] *Sadler v. New Castle Cty.*, 565 A.2d 917, 921 (Del. 1989).
[28] 10 *Del. C.* § 4011(a).
[29] 10 *Del. C.* § 4012(2).

Exception or any other exception to the CMTCA applies. The alleged injury was not related to the "construction, operation, or maintenance of any public building...."

Additionally, Plaintiff alleges no bodily injury. Plaintiff alleges only an emotional injury as a result of Day's contact. Psychological injury or the intentional infliction of emotional distress, without accompanying physical injury, is not sufficient to circumvent the County's statutory immunity.[30]

### *Motion to Amend*

Plaintiff seeks to amend her original complaint to bring her requested damages into compliance with the CMTCA. Plaintiff also requests amendment to attempt to state a claim for relief by recasting her claims as either offensive battery or intentional infliction of emotional distress.

The Court has inherent power to control its dockets and maintain orderly adjudication of claims.[31] "[L]eave shall be freely given when justice so requires," but "should be denied when the proposed amendment would be futile."[32] A motion

---

[30] *Holmes v. D'Elia*, 2015 WL 1889030, at *2 (Del. Super), *aff'd*, 129 A.3d 881 (Del. 2015) (allegations that plaintiff was overwhelmed psychologically" and "depressed in the extreme about the nightmare I live" did not assert bodily injury under CMTCA); *McCaffrey v. City of Wilm.*, 2012 WL 3518119, at *3 (Del. Super.) ("Plaintiff's claim of negligent infliction of emotional distress, with no physical injury alleged whatsoever, simply does not meet the requirements for the immunity bar to be raised.").

[31] *Solow v. Aspect Resources, LLC.*, 46 A.3d 1074, 1075 (Del. 2012).

[32] Super. Ct. Civ. R. 15(a).

10

for leave to amend a complaint is futile where the amended complaint would be subject to dismissal under Rule 12(b)(6) for failure to state a claim.[33]

This Court finds that Plaintiff is seeking to proceed with a proposed amendment that ultimately would be dismissed under Rule 12(b)(6). It is futile. Plaintiff's proposed amended complaint fails to correct any of the deficiencies in Plaintiff's original complaint. Plaintiff's added conclusory allegations of gross negligence, wantonness, and recklessness still fail to establish a *prima facie* case. Plaintiff fails to allege any bodily injury as is necessary to assert a claim for intentional infliction of emotional distress or battery. Plaintiff fails to meet her burden to establish that a 10 *Del. C.* § 4012 exception applies in this case. Therefore, Defendant will remain immune from suit regardless of whether Plaintiff's claims are sufficiently pled to survive Rule 12(b)(6) dismissal.

### Unauthorized Practice of Law

This case is a recent edition in the growing anthology of *Baldwin* litigation. It is clear to the Court that all four of these related cases originate from Emily and the facts underlying, *[Emily] Baldwin v. New Castle County.*[34] In *[Emily] Baldwin,* this Court issued an opinion dated January 13, 2020, granting the County's motion

---

[33] *Incyte Corporation v. Flexus Biosciences, Inc.,* 2018 WL 6428155, at *9 (Del. Super.) (citing *Clark v. State Farm Mutual Automobile Insurance Company,* 131 A.3d 806, 811-12 (Del. 2016)).
[34] *[Emily] Baldwin v. New Castle Cty.,* 2020 WL 204088, at *2 (Del. Super.), *rearg. denied,* 2020 WL 638858 (Del. Super.), *aff'd,* 2020 WL 6158118 (Del. 2020).

11

to dismiss all of Emily's claims with prejudice. On appeal, the Delaware Supreme Court affirmed this Court's decision.

In the aftermath of this Court's *[Emily] Baldwin* decision, Emily has claimed to act on behalf of Maxine Baldwin and Cheri Black in communications with the Court. Black filed a "Notice of Power of Attorney" with the New Castle County Prothonotary, designating Emily as Black's "Agent" authorized "to speak on [Plaintiff's] behalf in court on all civil cases." On June 16, 2021, Maxine filed a Notice of Power of Attorney, purporting to designate Emily as Maxine's "Agent."

At the June 17, 2021 motions hearing, Emily arrived prepared to "represent" Cheri Black and Maxine Baldwin pursuant to the Powers of Attorney. When the Court did not permit this, Black claimed that a reading disability hinders Black's ability to put her claims into her own words. Maxine Baldwin claimed that a "processing disability" hindered her ability to put her claims in Maxine's own words. Both Black and Maxine conceded that Emily, a non-party in this litigation, had written all the pleadings filed in this litigation.

The County subsequently moved to dismiss this case on the grounds that Emily Baldwin was practicing law without a license and has been engaging in the unauthorized practice of law. The County contends this entire case has been orchestrated by Emily, and that Black is only bringing this litigation at Emily's behest and under Emily's direction.

12

This Court may dismiss claims by parties that are "represented" by someone engaged in the unauthorized practice of law.[35] The unauthorized practice of law occurs where someone not admitted to the Delaware Bar exercises legal judgment on a matter of Delaware law on behalf of another person.[36] A non-party lacks standing to file a lawsuit in a Delaware court.[37] A Power of Attorney does not permit an unlicensed non-party to bring claims on behalf of another. Powers of Attorney do not substitute for a license to practice law.

Having carefully reviewed the parties' submissions and the record below, the Court is convinced that Emily is instigating and managing this litigation. The handwriting and writing style that appeared in subsequent handwritten *pro se* filings is identical to Emily's handwriting and writing style in *[Emily] Baldwin*, the source litigation against New Castle County.

The Court finds this case should be dismissed on the alternative basis that the real party at interest, Emily Baldwin, clearly is engaging in the unauthorized practice of law.[38] During the hearing, Black and Maxine Baldwin were unable to respond to the most basic questions asked by the Court concerning the underlying facts and nature of their lawsuits. Emily repeatedly attempted to signal answers to Black and

---

[35] *Townsend v. Integrated Mfg. and Assembly*, 77 A.3d 272, at *2 (Del. 2013)).
[36] *Id.*
[37] *Id.*
[38] *Chang v. Children's Advocacy Center of Delaware, Inc.*, 2016 WL 7188105, at *4 (Del. Super.).

13

Maxine. The Court removed Emily from counsel table to the gallery, so as to prevent inappropriate and unauthorized communication. Emily has been found to lack standing to file a lawsuit in Delaware. Emily has not been admitted to the Delaware Bar. Therefore, Emily is engaging in the unauthorized practice of law when Emily exercises legal judgment on any matter of Delaware law on behalf of Cheri Black.

## CONCLUSION

This Court lacks subject matter jurisdiction over breach of fiduciary duty claims and Ethics Code violations in the first instance. Plaintiff has failed to state claims for which relief can be granted under Rule 12(b)(6).

Defendant New Castle County is immune from suit for the claims under 10 *Del. C.* §§ 4010-13, the County and Municipal Tort Claims Act. Plaintiff has failed to meet the burden to establish application of any 10 *Del. C.* § 4012 exception.

**THEREFORE,** Defendant's Motion to Dismiss Plaintiff's Complaint is hereby **GRANTED, WITH PREJUDICE.** Plaintiff's Motion to Amend the Complaint is hereby **DENIED.**

**ANY FUTURE CLAIMS BROUGHT AT THE BEHEST AND UNDER THE DIRECTION OF EMILY BALDWIN WILL BE SUMMARILY DISMISSED ON THE GROUNDS THAT EMILY BALDWIN IS ENGAGING IN THE UNAUTHORIZED PRACTICE OF LAW.**

14

ANY FURTHER DIRECTLY-RELATED CLAIMS BROUGHT BY EMILY BALDWIN IN HER INDIVIDUAL CAPACITY WILL BE SUMARILLY DISMISSED UNDER THE DOCTRINE OF *RES JUDICATA*.

IT IS SO ORDERED.

_____

The Honorable Mary M. Johnston