# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

PIMPAKTRA RUST,　　　　　　　　　)
　　　　　　　　Plaintiff,　)
　　　　　　　　　　　　　　　　)
　　　v.　　　　　　　　　　　)　C.A. No. N23C-03-250 PRW
　　　　　　　　　　　　　　　　)
VINA ELISE RUST, et al.,　　　　　)
　　　　　　　　Defendants.　)

Submitted: December 21, 2023
Decided: January 11, 2023

## ORDER DENYING
## PLAINTIFF'S MOTION FOR RECONSIDERATION OF STAY ENTERED

**HAVING FULLY CONSIDERED** Plaintiff Pimpaktra Rust's Motion for

Reargument (D.I. 37) of the Court's decision and order to stay this action (D.I. 36)

pending the Court of Chancery's final order on the Motion to Further Enforce in

Case No. 2020-0762-SG; Defendants Anissa and Vina Rust's Opposition to

Plaintiff's Motion for Reargument (D.I. 38); Defendants The Rust Family Office,

Thomas Roletter and Patrick Jones' Notice of Joinder (D.I. 39); the authorities cited;

and the entire record developed thus far, it appears to the Court that:

(1)　A motion for reargument permits a trial court to reconsider its findings

of fact, conclusions of law, or judgment.[1]　But Delaware law places a heavy burden

---

[1]　*See Nicholson v. Sullivan*, 1993 WL 542297, at *1 (Del. Dec. 6, 1993) ("A motion for reargument is the proper device for seeking reconsideration of the findings of fact and conclusions of law of the Superior Court."); *Patterson-Woods & Assoc., LLC v. Independence Mall, Inc.*, 2019

on one seeking Rule 59 relief.[2] The movant must demonstrate that the Court is obliged to correct an error of law in or prevent manifest injustice deriving from its judgment.[3] "A Rule 59(e) application is not an avenue for the moving party to raise new arguments or to rehash arguments already decided by the Court."[4] And such motion will be denied unless the Court has "overlooked a controlling precedent or legal principles," or "has misapprehended the law or facts such as would have changed the outcome of the decision" challenged.[5] Upon its own examination of a Rule 59(e) application, the Court "will determine from the motion and answer whether reargument [or reconsideration] will be granted."[6]

(2) The Court maintains wide discretion in controlling its docket.[7] And the Court may use that discretion in a manner that promotes efficiency both for the Court and the parties.[8]

---

WL 6329069, at *1 (Del. Super. Ct. Nov. 26, 2019) ("A motion for reconsideration or reargument is governed by Superior Court Civil Rule 59(e).").

[2] *Kostyshyn v. Comm'rs of Bellefonte,* 2007 WL 1241875, at *1 (Del. Super. Ct. Apr. 27, 2007).

[3] *In re Asbestos Litigation (Hudson)*, 2015 WL 5016493, at *1 (Del. Super. Ct. Aug. 25, 2015).

[4] *Maravilla-Diego v. MBM Construction II, LLC*, 2015 WL 5055955, at *1 (Del. Super. Ct. Aug. 27, 2015) (citing cases).

[5] *Cummings v. Jimmy's Grille*, 2000 WL 1211167, at *2 (Del. Super. Ct. Aug. 9, 2000).

[6] Super. Ct. Civ. R. 59(e).

[7] *Solow v. Aspect Res.*, *LLC*, 46 A.3d 1074, 1075 (Del. 2012) ("Delaware trial courts have inherent power to control their dockets").

[8] *Unbound Partners Ltd. P'ship v. Invoy Holdings Inc.*, 251 A.3d 1016, 1030 (Del. Super. Ct. 2021) ("It is beyond debate that Delaware courts enjoy wide discretion to manage their affairs in a manner that 'promote[s] economies of time and effort for the court, litigants, and counsel.'") (quoting *Brenner v. Albrecht*, 2012 WL 252286, at *4 (Del. Ch. Jan. 27, 2012)).

(3)     Ms. Rust has not shouldered her heavy Rule 59(e) burden here. Her motion brings up no case, law, or fact that was left unaddressed during the Status Conference and corresponding Stay Order issued December 11, 2023. Instead, Ms. Rust asks the Court to review and overturn a case management decision that lies well within its discretion by resorting to arguments and considerations the Court easily gleaned upon its preliminary examination of the pending motion to dismiss.

(4)     The Court overlooked no controlling precedent or legal principle. Nor does the stay unduly prejudice either party. The underlying declaratory relief sought here is akin to that which could have been afforded via discovery or other means in the sprawling related litigation between these parties brought or pending in other fora. And there was, and continues to be, significant overlap between this and the pending Court of Chancery action such that a stay is appropriate before any declaration is made by this Court.[9] One must remain mindful that the grant and timing of declaratory relief is itself a matter within the sound discretion of this Court.[10] In turn, the Court has exercised its concomitant discretionary power to manage its docket in a way that promotes efficiency and judicial economy for all

---

[9]     Oral argument on the Motion to Further Enforce was held on December 22, 2023, and the Chancery Court has yet to issue its final ruling. *See* D.I. 206 in *Rust v. Rust*, C.A. No. 2020-0762-SG (Del. Ch.).

[10]    *See Intermec IP Corp. v. TransCore, LP*, 2021 WL 3620435, at \*25 (Del. Super. Ct. Aug. 16, 2021) (quoting *Town of Cheswold v. Cent. Del. Bus. Park*, 188 A.3d 810, 816 (Del. 2018) ("Not all disputes . . . are appropriate for [a declaration] when the parties request it.")).

involved before it addresses what merits might remain of Ms. Rust's prayer for a declaration of rights here.

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's Motion for Reargument is **DENIED**.

**SO ORDERED this 11th day of January, 2024**.

Paul R. Wallace, Judge

Original to Prothonotary
cc:    All counsel via File & ServeXpress