**COURT OF CHANCERY**
**OF THE**
**STATE OF DELAWARE**

KATHALEEN ST. J. MCCORMICK
CHANCELLOR

LEONARD L. WILLIAMS JUSTICE CENTER
500 N. KING STREET, SUITE 11400
WILMINGTON, DELAWARE 19801-3734

August 12, 2024

Daniel M. Silver
Benjamin A. Smyth
Maliheh Zare
McCarter & English, LLP
405 N. King St., 8th Floor
Wilmington, Delaware 19801

Elisabeth S. Bradley
Y. Carson Zhou
Alan C. Cardenas-Moreno
Young Conaway Stargatt & Taylor, LLP
1000 N. King Street
Wilmington, Delaware 19801

Re:   *Eastern Wholesale Fence LLC v. Damien Hudson*
C.A. No. 2023-1176-KSJM

Dear Counsel:

This letter decision resolves, in part, the defendant's motion to dismiss or in the alternative stay the plaintiff's amended complaint.

By way of summary, the plaintiff claims that the defendant breached restrictive covenants in a purchase agreement by which the plaintiff acquired the defendant's companies. The defendant moved to dismiss the complaint, arguing that the restrictive covenants are unenforceable. In the alternative, the defendant argues that this action should be stayed in favor of a North Carolina action pending against a related party. This decision stays this case pending resolution of the motion to dismiss in the North Carolina action.

The facts are drawn from the First Amended Verified Complaint (the "Amended Complaint") and the documents it incorporates by reference.[1]

---

[1] C.A. No. 2023-1176-KSJM, Docket ("Dkt.") 23 ("Am. Compl.").

Defendant Damien Hudson owned a series of businesses (the "Hudson Entities") that manufactured and sold wholesale aluminum, vinyl, chain-link, and wood fence products across the United States. The Hudson Entities had a manufacturing facility in South Carolina and production facilities in North Carolina.

Hudson sold the Hudson Entities to Plaintiff Eastern Wholesale Fence LLC ("EWF"), a national wholesale distributor of fence products. The parties memorialized their transaction in an asset purchase agreement dated March 26, 2021 (the "Purchase Agreement").[2]

The Purchase Agreement bound Hudson to restrictive covenants, including non-solicitation and non-disparagement provisions. The non-solicitation provision purports to bar each "Seller Restricted Party" for a "Restricted Period" of "five years following the closing date."[3] The non-solicitation provision does not contain a geographic limitation.[4] The non-disparagement provision runs in perpetuity and without geographic limitation.[5]

Hudson's half-brother, Adam Tucker, worked for Hudson before the sale of the Hudson Entities. Tucker also worked for EWF post-sale until July 20, 2021. On May 12, 2023, EWF sued Tucker and Tucker's company, Southern Fence and Gate Inc. ("Southern Fence"), in the United States District Court for the Western District of

---

[2] Dkt. 1, Ex. A.

[3] Am. Compl. ¶ 33; Purchase Agreement § 7.03(b).

[4] Purchase Agreement § 7.03(c).

[5] *Id.* § 7.03(d).

North Carolina (the "North Carolina Action"). EWF seeks a constructive trust, accounting, damages, and other relief in the North Carolina Action. EWF alleged that its declining revenue post-sale coincides with Tucker's establishment of Southern Fence. Tucker moved to dismiss the North Carolina Action, and that motion has been fully submitted since July 12, 2023. The Magistrate Judge in the North Carolina Action recommended that the court partially grant the motion to dismiss. Discovery has been stayed pending resolution of the motion.

EWF did not allege, in the North Carolina Action, that Hudson is in any way involved in Southern Fence. Six months after commencing the North Carolina Action, however, EWF filed this action implicating Hudson in the same conduct and alleging that Hudson had violated the restrictive covenants in the Purchase Agreement. EWF moved to expedite the proceedings. The court denied EWF's motion to expedite, and Hudson moved to dismiss.

EWF amended its complaint on February 2, 2024. The Amended Complaint asserts two counts.

In Count I, EWF alleges that Hudson breached the non-solicitation provision in the Purchase Agreement by "his repeated and continued solicitations of and communications with current and former customers and employees of the Hudson Entities, through the disparagement of EWF and assistance to Southern Fence and

Tucker, for the purpose or effect of causing such customers or other third parties to cease or reduce their business with Plaintiff."[6]

In Count II, EWF alleges that Hudson breached the non-disparagement provision in the Purchase Agreement "by his extended campaign of disparagement of Plaintiff to current and former customers of the Hudson Entities, with the apparent purposes or effect of inducing such current and former customers to cease or refrain from doing business with Plaintiff and instead do business with Defendant's affiliates, Tucker and Southern Fence."[7]

Hudson moved to dismiss the Amended Complaint under Court of Chancery Rule 12(b)(6), and in the alternative, moved to stay the action pending resolution of the motion to dismiss in the North Carolina Action.[8] The parties briefed the motion and the court heard oral argument on May 28, 2024.[9]

Hudson argues that the Amended Complaint fails to state a claim because the non-solicitation and non-disparagement provisions in the Purchase Agreement are unreasonable restraints on competition and impermissibly vague.[10] In the

---

[6] Am. Compl. ¶¶ 85–95.

[7] *Id.* ¶¶ 96–105.

[8] Dkt. 27.

[9] Dkt. 33.

[10] Dkt. 27 ("Def.'s Opening Br.") at 19–43.

alternative, Hudson argues that the action should be stayed pending resolution of the motion to dismiss in the North Carolina Action.[11] The second argument works.

"Granting a stay is a discretionary enterprise and derives from a court's inherent power to control its docket."[12] "A court may grant a stay 'on the basis of comity, efficiency, or common sense.'"[13] "A stay of any aspect of litigation shouldn't be granted automatically; it should be granted only if the opponent wouldn't be prejudiced by the delay and considerations of expense and litigation economy predominate."[14] "And when resolving whether to stay or not, the Court 'must make a particularized judgment evaluating the weight that [purported] efficiency should be afforded . . . and the significance of any risk of injury to [a party] . . . that might eventuate from a stay.'"[15]

Hudson argues that the action should be stayed until the pending motion to dismiss is resolved in the North Carolina Action because the federal court's decision

---

[11] *Id.* at 43–45.

[12] *Lima USA, Inc. v. Mahfouz*, 2021 WL 5774394, at *7 (Del. Super. Aug. 31, 2021) (citing *Solow v. Aspect Res., LLC*, 46 A.3d 1074, 1075 (Del. 2012)).

[13] *LightLab Imaging, Inc. v. Axsun Techs., Inc.*, 2012 WL 1764225, at *1 (Del. Ch. May 10, 2012) (quoting *Julian v. Julian*, 2009 WL 2937121, at *8 (Del. Ch. Sept. 9, 2009)).

[14] *Lima USA*, 2021 WL 5774394, at *7 (Del. Super. Aug. 31, 2021) (citing *Schick, Inc. v. Amalgamated Clothing & Textile Workers Union*, 1987 WL 12450, at *2 (Del. Ch. June 18, 1987)).

[15] *Id.* (alterations in original) (quoting *In re McCrory Parent Corp.*, 1991 WL 137145, at *1 (Del. Ch. July 3, 1991)).

could "modify the litigable and discoverable issues" in this action.[16] That makes sense, given the overlapping legal and factual issues.

EWF says that this case *might not* touch on Tucker's actions.[17] EWF argues that although the court "*could* infer from Hudson's actions that he has engaged in those breaches to aid Tucker and Southern Fence, . . . such an inference is *not necessary* to establish Hudson breached the covenants and caused harm to EWF's business."[18] EWF's arguments, however, underscore the number of unknowns at this stage. The reality is that there are, potentially, overlapping legal issues and facts in play. It could conserve judicial and party resources to allow the North Carolina court to resolve the pleading-stage motion before this court turns back to EWF's motion to dismiss. This approach has the additional benefit of avoiding a potential end-run against the stay of discovery in place in North Carolina. And because EWF elected to proceed in North Carolina first and long before filing this action, it will not be prejudiced.

Accordingly, the action will be stayed until the resolution of the pending motion to dismiss in the North Carolina Action. The parties are ordered to report on the status of the North Carolina Action as events warrant.

---

[16] Def.'s Opening Br. at 43–45.

[17] Dkt. 28 at 55 (Pl.'s Answering Br.).

[18] *Id.* (emphasis added).

IT IS SO ORDERED.

Sincerely,

*/s/ Kathaleen St. J. McCormick*

Chancellor


cc:     All counsel of record (by *File & ServeXpress*)