ROLLIN LAUB, Petitioner Below-Appellant,
v.
CARL DANBERG, RICK KEARNEY, ANTHONY RENDINA, THOMAS CARROLL, GUY FOWLER, PRISON CLASSIFICATION BOARD, LARRY SAVAGE, and MARVIN CREASY, Respondents Below-Appellees.
No. 180, 2009.
Supreme Court of Delaware.
Submitted: July 27, 2009.
Decided: September 8, 2009.
Before STEELE, Chief Justice, HOLLAND, and RIDGELY, Justices.

ORDER
MYRON T. STEELE, Chief Justice.
This 8th day of September 2009, upon consideration of appellant's opening brief and the State's motion to affirm,[1] it appears to the Court that:
(1) The appellant, Rollin Laub, filed this appeal from the Superior Court's dismissal of his complaint. The State of Delaware, as the real party in interest, has filed a motion to affirm the trial court's judgment on the ground that it is manifest on the face of Laub's opening brief that his appeal is without merit. We agree and affirm.
(2) The record reflects that Laub is incarcerated at the Vaughn Correctional Facility in Smyrna, Delaware. On September 24, 2007, Laub filed a complaint in the Superior Court against certain correctional authorities seeking a writ of mandamus and asserting claims for abuse of process and retaliation. Laub requested relief in the form of a writ of mandamus directing prison officials to stop violating certain constitutional, statutory, and regulatory provisions. He also requested the appointment of a special master to ensure defendants' compliance with the laws, as well as reinstatement to his prison job and classification status and other institutional privileges, which he claims were wrongfully taken away from him. Laub also requested restitution and court costs.
(3) On October 15, 2007, the Superior Court wrote to Laub informing him of certain deficiencies in his complaint and motion to proceed in forma pauperis, including his failure to properly serve his complaint on the opposing parties or counsel. Laub responded by providing necessary documentation to support his motion to proceed in forma pauperis. Thereafter, the defendants filed a motion to dismiss Laub's complaint on the grounds that Laub had failed to effectuate service on the Attorney General in compliance with 10 Del. C. § 3103(c). He also had failed to serve any of the individual defendants, except Commissioner Danberg, in violation of Superior Court Civil Rule 4(f)(1). The defendants also asserted that Laub's complaint failed to state a claim for mandamus relief and, to the extent he asserted claims of abuse of process and retaliation, those claims, in fact, were claims under 42 U.S.C. § 1983, and Laub had failed to exhaust his administrative remedies.
(4) Laub requested an extension of time to respond to the State's motion to dismiss. Additionally, he requested the Superior Court to order the State to provide him with discovery in the form of the DOC's policy and procedures manual. He stated that he needed the document in order to respond to the motion to dismiss. The State responded that the manual was protected from discovery under 11 Del. C. § 4322.[2] Thereafter, Laub filed his response to the motion to dismiss.
(5) After considering the parties' respective positions, the Superior Court found that Laub had failed to properly serve the defendants as required by Superior Court Civil Rule 4. The trial court, therefore, concluded that Laub's complaint was subject to dismissal pursuant to Superior Court Civil Rule 12(b)(5) for insufficient process. Notwithstanding this conclusion, the Superior Court went on to address the merits of Laub's claims, as well, finding that Laub's complaint failed to state a claim upon which relief could be granted because he failed to establish his entitlement to the performance of a duty by the DOC, nor had he established that he lacked another adequate legal remedy.
(6) We agree with the Superior Court's conclusion. A writ of mandamus is an extraordinary remedy issued by the Superior Court to compel an inferior court, administrative agency, or public official to perform a duty.[3] As a condition precedent to the issuance of the writ, the petitioner must demonstrate that: 1) he has a clear right to the performance of the duty; 2) no other adequate remedy is available; and 3) the administrative agency has arbitrarily failed or refused to perform its duty.[4] Moreover, mandamus will not issue to compel the performance of a discretionary act.[5]
(7) Laub has not demonstrated that the DOC arbitrarily failed or refused to perform a duty to which he has a clear right. As such, the Superior Court acted within its discretion when it dismissed his petition for a writ of mandamus for failure to state a claim upon which relief may be granted.
(8) It is manifest on the face of Laub's opening brief that his appeal is without merit because the issues presented on appeal are controlled by settled Delaware law and, to the extent that judicial discretion is implicated, there was no abuse of discretion. The judgment below shall be affirmed on the basis of, and for the reasons set forth, in the Superior Court's well-reasoned decision dated March 4, 2009.
NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED. The judgment of the Superior Court is AFFIRMED.
NOTES
[1] Laub requested permission to respond to the State's motion. A response to a motion to affirm generally is not permitted under Supreme Court Rule 25(a). Laub's request is hereby denied.
[2] See 11 Del. C. § 4322(c), (d) (2007). Subsection (c) provides, in part, that "[n]o inmate shall be provided with a copy" of the DOC's policy and procedures manual. Subsection (d) provides that DOC policies and procedures are "confidential" and "not subject to disclosure except upon the written authority of the Commissioner."
[3] Clough v. State, 686 A.2d 158, 159 (Del. 1996); 10 Del. C. § 564.
[4] Id.
[5] In re Bordley, 545 A.2d 619, 620 (Del. 1988).