IN THE SUPREME COURT OF THE STATE OF DELAWARE

ALEX RYLE, § 
§ No. 529, 2019
    Plaintiff Below, §
    Appellant, §
§
    v. § Court Below–Superior Court
§ of the State of Delaware
DELAWARE DEPARTMENT OF §
JUSTICE, § Case No. N19A-11-003
§
    Respondent Below, §
    Appellee. §

Submitted: June 12, 2020
Decided: September 1, 2020

Before **VAUGHN**, **TRAYNOR**, and **MONTGOMERY-REEVES**, Justices.

## ORDER

After careful consideration of the parties' briefs and the record on appeal, it appears to the Court that:

(1) Alex Ryle appeals the Superior Court's dismissal of his appeal from a denial of a public-records request made under Delaware's Freedom of Information Act ("FOIA").[1] The Superior Court found that Ryle's appeal was legally frivolous because it did not have jurisdiction over decisions made by the Department of Justice ("DOJ"). Because we agree that the DOJ properly upheld the denial of Ryle's records request, we affirm the Superior Court's judgment.

---

[1] 29 *Del. C.* §§ 10001-10007.

(2)     In 1977, the General Assembly enacted FOIA, in part because "it is vital that citizens have easy access to public records in order that the society remain free and democratic."[2]  To achieve this goal, FOIA requires the disclosure of all "public records" as defined by 29 *Del. C.* § 10002(l).  Specifically, a "public record" is defined as:

> information of any kind, owned, made, used, retained, received, produced, composed, drafted or otherwise compiled or collected, by any public body, relating in any way to public business, or in any way of public interest, or in any way related to public purposes, regardless of the physical form or characteristic by which such information is stored, recorded or reproduced.[3]

But not all public records are subject to disclosure, and FOIA specifically exempts 18 different categories of records, including those that are specifically exempted from public disclosure by statute[4] and any record in the possession of the Department of Correction ("DOC") where disclosure is sought by an inmate in DOC custody.[5]

(3)     On August 18, 2019, Ryle, an inmate housed at the James T. Vaughn Correctional Center in Smyrna, requested a copy of the DOC Employee Code of Conduct from DOC.  DOC denied Ryle's request and referred Ryle to the FOIA statutory exemptions and to 11 *Del. C.* § 4322 ("Section 4322").  Section 4322 provides, in relevant part:

---

[2] 29 *Del. C.* § 10001.
[3] 29 *Del. C.* § 10002(l).
[4] 29 *Del. C.* § 10002(l)(6).
[5] 29 *Del. C.* § 10002(l)(13).

2

(c)    No inmate shall be provided a copy of the Department of Correction Policy and Procedures Manuals, The Bureau of Prisons Policy and Procedures Manuals, nor any of the Department of Correction Facilities Operational Procedures, Administrative Regulations and Post Orders.

(d)    The Department of Correction Policies and Procedures, including any Policy, Procedure, Post Order, Facility Operational Procedure or Administrative Regulation adopted by a Bureau, facility or department of the Department of Correction shall be confidential, and not subject to disclosure except upon the written authority of the Commissioner.[6]

(4)    Ryle sought review of DOC's denial of his request by the Attorney General, who referred the petition to the Chief Deputy Attorney General, as required by 29 *Del. C.* § 10005.[7]  In his request for review, Ryle alleged that DOC's failure to disclose the Employee Code of Conduct to him violated his federal constitutional rights to due process and access to the courts.  The DOJ upheld DOC's denial of Ryle's request because FOIA exempts from the definition of public record any record in DOC's possession when the disclosure request is made by an inmate in DOC custody.[8]

---

[6] 11 *Del. C.* § 4322.

[7] 29 *Del. C.* § 10005(b) ("[A] person denied access to public records by an administrative office or officer, a department head, commission, or instrumentality of state government which the Attorney General is obliged to represent pursuant to § 2504 of this title must within 60 days of denial, present a petition and all supporting documentation to the Chief Deputy as described in subsection (e) of this section.").

[8] The Director of the Fraud and Consumer Protection Division issued the DOJ's opinion at the direction of the Chief Deputy Attorney General.

(5)     Ryle sought review of the DOJ's decision in the Superior Court. Upon initial review of Ryle's notice of appeal, the Superior Court concluded that it did not have jurisdiction to review decisions made by the DOJ and summarily dismissed Ryle's *pro se* filing under 10 *Del. C.* § 8803(b).[9] This appeal followed.

(6)     "On appeal of an administrative agency's adjudication, this Court's sole function is to determine whether the Board's decision is supported by substantial evidence and is free from legal error."[10]

(7)     On appeal, Ryle argues that (i) the Superior Court erred when it concluded it did not have jurisdiction over his appeal and (ii) the Superior Court could not dismiss his appeal without issuing a "show cause" notice under Superior Court Civil Rule 72(i) ("Rule 72(i)"). The State contends that that the Superior Court's judgment must be affirmed because this Court reviews administrative decisions on the record below and that Ryle does not argue on appeal that DOC

---

[9] Chapter 88 of Title 10 of the Delaware Code sets out the procedures for the trial courts' handling of proceedings *in forma pauperis*. Section 8803(b) provides:

> Upon establishing the amount of fees and costs to be paid, the court shall review the complaint. Upon such review, the complaint shall be dismissed if the court finds the action is factually frivolous, malicious or, upon a court's finding that the action is legally frivolous and that even a *pro se* litigant, acting with due diligence, should have found well settled law disposing of the issue(s) raised. Any order of dismissal shall specifically identify whether the complaint was factually frivolous, legally frivolous and/or malicious. Service of process shall not issue unless and until the court grants leave following its review.

10 *Del. C.* § 8803(b).

[10] *Angstadt v. Red Clay Consol. Sch. Dist.*, 4 A.3d 382, 387 (Del. 2010).

improperly denied his records request. Although Ryle is correct that the Superior Court had jurisdiction to consider his appeal,[11] we agree with the State that Ryle cannot show that DOC improperly denied his records request because 29 *Del. C.* § 10002(l)(13) excludes from FOIA any records in DOC's possession where disclosure is sought by an inmate in DOC custody.[12]  Accordingly, we affirm the Superior Court's dismissal of Ryle's appeal as legally frivolous.  Moreover, because the Superior Court summarily dismissed Ryle's complaint upon its initial review and before service issued, the Superior Court was not required to issue a notice to show cause under Rule 72(i).

NOW, THEREFORE, IT IS HEREBY ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Gary F. Traynor*
Justice

---

[11] 29 *Del. C.* § 10005(e) ("Regardless of the finding of the Chief Deputy, the petitioner or the public body may appeal the matter on the record to the Superior Court.").
[12] *See Laub v. Danberg*, 2009 WL 1152167, at \*3 (Del. Super. Ct. Mar. 4, 2009) ("Prisoners are precluded from reviewing DOC policies and procedures, regardless of the reason for requesting them."), *aff'd*, 2009 WL 2871883 (Del. 2009).

5