# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

JENIFER SANDONATO, )
)
Plaintiff, )
)
v. ) C.A. No.: K25C-05-023 NEP
)
TRUDENA HORSEY and )
KENT COUNTY LEVY COURT )
)
Defendants. )

Submitted: July 31, 2025
Decided: September 10, 2025

## MEMORANDUM OPINION AND ORDER

***Upon Defendant's Motion For Extension Of Time To File Responsive Pleading To The Complaint***
**GRANTED**

***Upon Plaintiff's Motion To Deny And Strike Defendant's Motion For Enlargement Of Time And For Sanctions***
**DENIED**

***Upon Plaintiff's Motion For Default Judgment***
**DENIED**

***Upon Plaintiff's Supplemental Motion In Support Of Motion For Default Judgment***
**DENIED**

Jenifer Sandonato, Dover, Delaware, *Pro Se Plaintiff*.

Scott G. Wilcox, Esq., Giordano & Gagne, LLC, *Attorney for Defendants*.

**Primos, J.**

Defendants Trudena Horsey and Kent County Levy Court prior to the deadline for responding to Plaintiff Jenifer Sandonato's amended complaint, filed a motion for enlargement of time in which to do so (the "Motion to Extend"). Before the Court ruled on Defendants' motion, the deadline for Defendants' responsive pleading passed, and Plaintiff moved for default judgment. Plaintiff then moved to strike Defendants' Motion to Extend and requested that Defendants be sanctioned. Defendants then filed a motion to dismiss Plaintiff's amended complaint—after the original deadline to do so, but before the deadline requested by their Motion to Extend.

For the reasons that follow, the Court concludes that Plaintiff's motion to strike is without merit. It is therefore appropriate to consider the Motion to Extend on its merits. Defendants' motion shows sufficient cause for the Court to grant it. In light of that conclusion, Plaintiff's motion for default judgment is misplaced and contrary to Delaware's well-established policy preference for deciding cases on their merits. Plaintiff's requests for sanctions are procedurally improper, and the Court will not consider them.

Accordingly, Defendants' motion for extension of time to file responsive pleading to the complaint is **GRANTED.** Plaintiff's motion to deny and strike Defendants' motion for enlargement of time and sanctions, Plaintiff's motion for default judgment, and Plaintiff's supplemental motion in support of motion for default judgment are all **DENIED.**

## I. BACKGROUND[1]

On May 22, 2025, Plaintiff filed a *pro se* complaint against Defendant Horsey related to Plaintiff's employment with, and departure from, the Kent County Levy Court, where Horsey is a human resources officer.[2] On the same day, Plaintiff filed a complaint against Defendants' counsel ("Defense Counsel"), bringing five counts closely related to the allegations giving rise to this case.[3]

On June 18, 2025, Defendants entered an appearance through counsel.[4] Also on June 18, 2025, Defendants moved for an extension of time to file a responsive pleading, requesting an additional 30 days to do so.[5] In justifying this request, Defendants cited the length and complexity of Plaintiff's Complaint.[6]

On June 24, 2025, Plaintiff moved for default judgment, noting that more than 20 days had elapsed since Defendants were served with the Complaint, but that no responsive pleading had been filed,[7] and, on June 25, 2025, Plaintiff filed a "motion to deny and strike defendant's [sic] motion for enlargement of time and for sanctions."[8] Also on June 25, 2025, the Court issued a letter instructing the parties to appear at the courthouse for a scheduling conference on July 11, 2025.[9] The Court indicated that the purpose of the conference was "to discuss scheduling of the pending motions, . . . including Defendants' Motion for Extension of Time and all

---

[1] Citations in the form of "D.I. ___" refer to docket items. This section contains only the procedural history relevant to the instant motions.

[2] D.I. 1.

[3] *See* C.A. No. K25C-05-022 NEP.

[4] D.I. 37.

[5] D.I. 38.

[6] *Id.* at 1–2.

[7] D.I. 39 at 2. Because Plaintiff's motion does not bear page numbers, the Court references the pagination of the .pdf copies thereof on the electronic docket. The Court takes this approach with each of Plaintiff's filings because all lack page numbers. Defendants were served on June 3, 2025. D.I. 35–36.

[8] D.I. 40.

[9] D.I. 45.

of Plaintiff's pending motions."[10]

The parties made various additional filings prior to the conference. Relevant here, Defendants filed a response to Plaintiff's motion for default judgment on July 7, 2025.[11] On July 9, 2025, Plaintiff filed a "supplemental motion in support of motion for default judgment"[12] and an "opposition to defendants' response to motion for default judgment."[13] Finally, on July 10, 2025, Defendants filed a motion to dismiss the Complaint under Superior Court Civil Rule 12(b)(6).[14]

At the scheduling conference on July 11, 2025, the Court informed the parties that it would issue a written decision on Defendants' Motion to Extend, Plaintiff's motion for default judgment, Plaintiff's supplemental motion in support thereof, and Plaintiff's motion to deny and strike Defendants' motion for enlargement of time and for sanctions. The Court further instructed the parties not to file any further pleadings until this decision issued, save for Defendants' responses to Plaintiff's motion to deny and strike and to Plaintiff's supplemental motion. All of the materials, including Defendants' additional responses, were submitted to the Court for its decision on July 31, 2025.

## II. ANALYSIS

### A. Plaintiff's motion to strike relies on misunderstandings of this Court's rules.

Plaintiff takes the position that Defendants' Motion to Extend should not be heard on the merits, citing Superior Court Civil Rules 12(f), 5(b), and 6(b). Specifically, Plaintiff asks the Court to strike Defendants' motion because "it is procedurally improper, untimely, and unsupported by any affidavit of service."[15]

---

[10] *Id.*
[11] D.I. 52.
[12] D.I. 57.
[13] D.I. 56.
[14] D.I. 60.
[15] D.I. 40 at 8.

4

Plaintiff's motion is without merit. Defendants did file a certificate of service in which Defense Counsel swore that he "caused a true and correct copy . . . to be served via United States Postal Mail upon" Plaintiff at her home address.[16] Such mailing is sufficient to comply with Rule 5(b), which permits service of such a filing "by mailing it to the . . . party . . . at the . . . party's last known address."[17]

Plaintiff also misapprehends Rule 6(b). Rule 6(b) does not impose strict time limits on the filing of motions for extension of time. Rather,

> the Court for cause shown may *at any time* in its discretion (1) with or without motion or notice order the period [for an act] enlarged if request is made *before the expiration of the period* originally prescribed or as extended by a previous order *or* (2) upon motion made *after the expiration of the specified period* permit the act to be done where the failure to act was the result of excusable neglect [subject to exceptions not relevant here].[18]

Here, Defendants requested an extension of time to file an answer or motion to dismiss before their first responsive pleading was due. Even if this were not so, the Court could still grant Defendants' request under Rule 6(b)(2) upon a showing of excusable neglect. The Court's rules in this regard are not as harsh or inflexible as Plaintiff believes.

Finally, Rule 12(f) has no application here.[19] Rule 12(f) permits the Court to "order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent or scandalous matter." Nothing in Defendants' motion can be fairly characterized in this way. Such a motion is typically uncontroversial, and

---

[16] D.I. 38.

[17] Super. Ct. Civ. R. 5(b).

[18] Super. Ct. Civ. R. 6(b) (emphasis supplied).

[19] Even if Rule 12(f) applied in this scenario, it would not yield the result Plaintiff hopes. This Court disfavors motions to strike. *Heisenberg Principals Fund IV, LLC v. Bellrock Intel., Inc.*, 2018 WL 3460433, at *1 (Del. Super. July 17, 2018) (citing *Vannicola v. City of Newark*, 2010 WL 5825345, at *8 (Del. Super. Dec. 21, 2010)). Such motions "are granted sparingly, and then only if clearly warranted, with doubt being resolved in favor of the pleading." *Id.*

Defendants' request in this case was entirely proper for the reasons that follow.

**B. Defendants have shown cause to extend the deadline to file an answer, and default judgment is therefore inappropriate.**

As noted previously, motions for enlargement of time are governed by Superior Court Civil Rule 6(b). If a motion is filed after the expiration of the allotted time for a given act, the Court may only grant an extension upon a showing of excusable neglect.[20] Where the motion is made prior to expiration of such time period, however, the Court has discretion to grant the extension for "cause shown."[21]

Although Plaintiff complains[22] that Defendants have shown neither "good cause" nor excusable neglect, this contention is beside the point, because neither is the applicable standard. Because the Motion to Extend was filed prior to expiration of the 20-day deadline for responsive pleadings, the Court need only be satisfied that Defendants have shown "cause" for extension.[23] Plaintiff's protest that Defendants did not submit an affidavit detailing such cause[24] is likewise misplaced. The Court may, consistent with Rule 6, find cause without a motion by Defendants, much less a sworn affidavit.[25]

Defendants, though, *did* file a motion, and the motion articulates sufficient cause to satisfy the Court. Defendants noted that their counsel did not enter his appearance until June 18, 2025, and that Plaintiff's Amended Complaint contains "280 paragraphs of facts and 14 legal theories."[26] Defendants therefore requested a 30-day extension.[27] In various filings, Plaintiff counters that Defendants and their

---

[20] Super. Ct. Civ. R. 6(b)(2).
[21] Super. Ct. Civ. R. 6(b)(1); *see also Gattis v. State*, 955 A.2d 1276, 1286 (Del. 2008) ("Applications for extension of time . . . are addressed to the trial judge's discretion[.]").
[22] D.I. 56 at 3.
[23] Super. Ct. Civ. R. 6(b)(1).
[24] D.I. 56 at 3.
[25] Super. Ct. Civ. R. 6(b)(1).
[26] D.I. 38 at 1–2.
[27] *Id.* at 2.

6

counsel were aware of the facts underlying this litigation well prior to entering an appearance. Although Plaintiff is likely right on this last score, this conclusion has little weight in the Court's analysis. Defendants still deserved adequate time to respond to her Complaint, and motions like Defendants' are granted almost as a matter of course because the standard is a low one.

The Supreme Court has instructed that, even when a motion is subject to the more stringent standard of "excusable neglect," extensions should be granted liberally "to the end that disputes be resolved on their merits."[28] This Court will be no less liberal in granting Defendants' more timely motion. The Court is persuaded that the complexity of Plaintiff's Complaint and the necessity of expending significant time to adequately respond to it bears on the analysis.[29] The Superior Court's standard 20-day deadline for responsive pleadings[30] anticipates that complaints will contain a "short and plain statement of the claim" raised.[31] Given the length of Plaintiff's Complaint, Defendants' request to extend the deadline for response was not unreasonable.

In light of the Court's decision to grant Defendants' Motion to Extend, default judgment is inappropriate. Defendants filed their motion to dismiss within the time requested by the Motion to Extend, and motions to dismiss toll the deadline for responsive pleadings.[32]

---

[28] *PNC Bank, Delaware v. Hudson*, 687 A.2d 915, 917 (Del. 1997).

[29] *Cf. In re MultiPlan Corp. Stockholders Litig.*, 2022 WL 7351803, at \*2 (Del. Ch. Oct. 12, 2022) (finding *good* cause (as required by Ct. Ch. R. 6(b)(1)—as distinguished from the corresponding Superior Court civil rule), where defendants "maintain[ed] that they ha[d] been diligent in assembling the information to answer . . . interrogatories, drafting responses, and verifying them with each defendant . . . [because] that [was] no small task and [would] take time, particularly given the number of responding defendants and sheer volume of interrogatories.").

[30] *See* Super. Ct. Civ. R. 12.

[31] Del. Super. Ct. Civ. R. 8(a).

[32] Del. Super. Ct. Civ. R. 12(a); *Unbound Partners Ltd. Partnership v. Invoy Holdings Inc.*, 251 A.3d 1016, 1028 (Del. Super. 2021).

## C. Plaintiff's requests for sanctions are procedurally improper and will therefore be denied.

Plaintiff's requests for sanctions are procedurally improper. Although Plaintiff does not identify a specific basis for her sanctions requests, motions for sanctions are generally governed by Superior Court Civil Rule 11, and the Court interprets Plaintiff's requests pursuant to that rule. In this light, Plaintiff's requests are defective. "A motion for sanctions under Civil Rule 11 *must* meet three procedural requirements[.]"[33] It must be made "separately from motions or other requests;" "describe the specific conduct alleged to violate [Civil Rule 11(b)];" and "not be filed with or presented to the Court unless, within 21 days after service of the motion . . . the challenged claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected."[34] Both of Plaintiff's requests for sanctions are incorporated into other motions—her motion to strike and her supplemental motion—and she has provided no indication that she served either motion 21 days prior to filing with this Court. Indeed, this would have been a temporal impossibility given the materials referenced therein.

The Court will deny Plaintiff's requests on this basis.[35] In the absence of a motion properly before it, the Court declines to consider sanctions against Defense Counsel *sua sponte*.[36]

---

[33] *Muho v. Wilmington Tr.*, 2015 WL 4126327, at *1 (Del. Super. July 8, 2015) (emphasis supplied).

[34] Super. Ct. Civ. R. 11(c)(1)(A).

[35] *See Speidel v. St. Francis Hosp., Inc.*, 2003 WL 21524694, at *6 (Del. Super. July 3, 2003); *Laub v. Danberg*, 2009 WL 1152167, at *4 n.20 (Del. Super. Mar. 4, 2009), *aff'd on other grounds*, 979 A.2d 1111, 2009 WL 2871883 (Del. Sept. 8, 2009) (ORDER); *Magna-D Glob. Healthcare No. 1 Private Equity Fund v. CoImmune, Inc.*, 2025 WL 1568186, at *4 (Del. Ch. June 3, 2025).

[36] *See Speidel*, 2003 WL 21524694, at *6; *Laub*, 2009 WL 1152167, at *4 n.20; *Shannon ex rel. Shannon v. Meconi*, 2006 WL 258313, at *4 n.11 (Del. Super. Jan. 5, 2006).

## III. CONCLUSION

For the foregoing reasons, Defendants' motion for extension of time to file responsive pleading to the complaint is **GRANTED.** Plaintiff's motion to deny and strike Defendants' motion for enlargement of time and sanctions is **DENIED.** Plaintiff's motion for default judgment is **DENIED.** Plaintiff's supplemental motion in support of motion for default judgment is **DENIED.**

The Court next intends to take up Plaintiff's various motions to disqualify Defense Counsel.[37] The parties are directed to make no additional filings until that order is issued,[38] except that Defendants shall, within twenty days of the date of this order, file responses to those motions.[39] Upon receipt of those responses, the Court will issue an order on Plaintiff's motions in due course.

---

[37] Those motions are Plaintiff's Motion to Disqualify Counsel Due to Conflict of Interest (D.I. 20), Combined Motion to Disqualify Counsel and Judicial Notice Regarding Conflict of Interest and Representation (D.I. 31), and Motion to Disqualify Scott Wilcox as Counsel for Defendants (D.I. 46).

[38] This Court has inherent authority to manage its own docket. *Solow v. Aspect Res., LLC*, 46 A.3d 1074, 1075 (Del. 2012) (citing *Coleman v. PricewaterhouseCoopers,* LLC, 902 A.2d 1102, 1107 (Del. 2006)); *Belfint, Lyons & Shuman, P.A. v. Pevar*, 862 A.2d 385, 2004 WL 2127217, at *2 (Del. Sept. 17, 2004) (ORDER); *see also Unbound Partners*, 251 A.3d at 1031 ("It is beyond debate that Delaware courts enjoy wide discretion to manage their affairs in a manner that promotes economies of time and effort for the courts, litigants, and counsel. Indeed, Delaware trial courts have inherent power to control their dockets and to maintain orderly adjudication of claims.") (internal citations and quotations omitted); *cf. Teat v. Neal*, 1995 WL 945545, at *1 (Del. Super. June 8, 1995) ("This is a case with over 70 docket entries and, from what can be gleaned from the Court's file, a case with very little progress to date. I think it is time to at least try to sort it out and get the case on track for disposition. It is also time to end the paper avalanche of largely useless documents.").

[39] Given the overlapping nature of Plaintiff's motions, Defendants may respond in a single filing.

**IT IS SO ORDERED.**

_____
Noel Eason Primos, Judge

NEP/tls

oc:   Prothonotary

cc:    Jenifer Sandonato, *Pro Se (via U.S. Mail)*
       Counsel of Record *(via File & ServeXpress)*